CORINNE S. ROBERTS *v.* FREDERIC L. ROBERTS, Ex'r, &c.

In a case where a Masonic Insurance Company provided, by a by-law, that the proceeds of policies therein, should be paid "to the widow, * * for the benefit of herself and the dependent children of the deceased," with a permission to the party insured, to appoint an executor to disburse such proceeds; and a prohibition against any disposal, "by will or otherwise, so as to deprive his widow or his dependent children of its benefits;"—and the widow owned $2,000 worth of other property: *Held,* that a bequest by one insured, of a policy of $4,012: giving to his widow, $1,000, and the remainder to an only child, (there being no other property owned by him,) was not an unreasonable exercise of the discretion vested in him as above.

CIVIL ACTION, tried before *Pool, J.,* at Spring Term 1870 of CHOWAN Court.

The plaintiff demanded one-half of a Policy of $4,012 upon the life of her husband, W. C. Roberts deceased, which was the only estate left by the deceased, and had been received by the defendant as his executor, and was held by him subject to the disposal made thereof in the will. The Policy had been issued by the Georgia Masonic Mutual Life Insurance Company. By the will, the proceeds thereof were distributed: *One thousand dollars,* to the plaintiff, "who is otherwise provided for;" and *the remainder,* to the only child of the deceased.

The question between the parties, was as to the testator's

right to prevent the plaintiff from receiving *one-half* of such proceeds, under the provisions of the By-Laws of the Company. Those provisions were:

"SEC. 3. The sum due upon the Policy of a deceased member of this Company, shall be paid to his widow (if living with deceased, and recognized by him as his wife, at the time of his death,) for the use of herself, and the dependent children of the deceased, free from the claim of his administrator or creditors ; if no widow,"—then to the children,—and if no children, to other next of kin, *share and share alike.* As the benefits of Insurance in this Company is intended mainly for the families of its members, to keep them from want, and to prevent them from becoming a burden to the Brotherhood in their immediate vicinity, in no case shall a member dispose of his Policy, by will or otherwise, so as to deprive his widow, (if living with him, &c.,) or his dependent children, of its benefits : *Provided,* that any member may, by will duly executed, authorize and appoint some friend in whom he has confidence, to act as his executor of the fund due upon his Policy at his death, and disburse the same, as the trustee of the widow and children of deceased, and for their benefit. If there be no widow," &c., &c.

It was admitted, that the only estate of the petitioner, besides her interest in the proceeds of the Policy, was some $2,000 worth of land.

His Honor gave judgment as demanded by the plaintiff, and the defendant appealed.

*No counsel,* for the appellants.
*Phillips & Merrimon, contra.*

READE, J. Art. VII, sec. 3, of the By-Laws of the Georgia Masonic Mutual Life Insurance Company, provides that " the sum due upon the policy of a deceased member of the

Company, shall be paid to the widow, * * * for the use of herself and the dependent children of the deceased." It declares the intention to be, to keep from want the families of its members, and to keep them from becoming a burden to the Brotherhood; and it provides that, "in no case shall a member dispose of his policy by will or otherwise, so as to deprive his widow or his dependent children of its benefits."

The testator, after providing for his funeral expenses, gives $1,000 to his wife, and the remainder, about $3,000, to his infant son, for his education, &c. The widow dissents from the will, and claims, as the proper construction of the policy, that the sum due upon it must be equally divided between herself and the child, share and share alike; and that the testator had no power otherwise to dispose of it.

We do not think that is the proper construction of the policy. Where the member leaves a wife and dependent children, the money must go to their support, according to their necessities, so as to keep them from being a burden to the Brotherhood; and as one may be more dependent than another, there must be a reasonable discretion in the member to make such discriminations as will effect the main purpose of the policy; and the division need not be made share and share alike. This construction is strengthened by the fact, that when the member leaves no widow, and his family is broken up, then the money is directed to be divided out among his children or other relations, "share and share alike;" but there is no such direction, if there is a widow.

We do not see any unreasonable exercise of this discretion on the part of the testator. The widow was otherwise provided for, to an amount which, if added to the $1,000 given in the will, would make her more than equal with the child; and the child has to be educated. The widow having already received the $1,000 left in the will, she is not entitled to any more.

There was error in giving her a judgment. The judgment must be reversed, and judgment entered here for the defendant, for costs.

PER CURIAM.                               Judgment reversed.