H. ROGERS, administrator, plaintiff in error, *vs.* E. E. M. BOTTSFORD *et al.*, defendants in error.

(BY TWO JUDGES.)—1. Where the amount due on a life insurance policy is payable in Hartford, Connecticut, to the "heirs or assigns" of the person whose life was insured, who leaves a will bequeathing all his property to his children, to the exclusion of his widow, and the agent of the insurance company pays the money to his administrator with the will annexed, the administrator is justified in filing a bill for direction as to the fund.

2. Pending the litigation the administrator is not liable to pay interest on the fund where he has made none. 27th February, 1872.

Interest. Insurance. Administrators and Executors. Before Judge HARRELL. Terrell Superior Court. May Term, 1871.

Rogers, of Georgia, averred that, in 1870, C. T. Bottsford died testate, and he became his administrator *cum testamento annexo*. The intestate was insured by the Phœnix Life Insurance Company, of Hartford, Connecticut, for $5,000 00, payable to intestate's "heirs and assigns." This money was

Rogers *vs.* Bottsford *et al.*.

paid to Rogers, as administrator. The will, made before the policy, simply bequeathed all his property to his "children," and in default of children to his brother, sister and step-mother. Testator had a widow and two children, him surviving and residing in Connecticut. Rogers prayed direction as to whom he should pay said $5,000 00. The widow and children and other legatees were citizens of Connecticut. The policy of insurance described intestate, as of Dawson, Georgia, and it did not appear, by the record, where it was executed, but the premium was to be paid in Connecticut. Rogers testified that the agent of the company paid him the money saying the widow had no interest in it; that several good lawyers advised him she had none, and he had kept the money without making any interest on it, waiting the direction of the Court in the premises, and closed. There was no evidence in the record as to the law of Connecticut; it seems to have been admitted that by it the widow is not an heir of the husband. The Court ruled that the widow was entitled to one-third of the money; that the administrator had no right to collect it as it was not subject to intestate's debts, and that he should pay interest on the money. All this is assigned as error.

WOOTEN & HOYLE, for plaintiff in error.

LYON, DeGRAFFENREID & IRVIN, for defendant.

MONTGOMERY, Judge.

The plaintiff in error, as the administrator *cum testamento annexo* of Chauncey Bottsford, received from the agent of the Phœnix Mutual Life Insurance Company $5,000 00 on a policy in which the company *at Hartford, Connecticut,* contracted to pay, in the event of the death of said Chauncey, the insurance money to his "heirs or assigns." The testator left all his property to his children, (of whom he had two,) to the exclusion of his widow, the defendant in

error. Upon receipt of the money, the administrator filed a bill for direction. The agent of the company paid the money over to him in preference to paying it to the " heirs." The Court decreed that he should pay over one-third to the widow in her own right, as one of the heirs, and the remaining two-thirds to her as guardian of her children, and that he should pay interest on the fund from the time he received it, as he received it as a mere volunteer and not as administrator. The evidence was that he had made no interest. We think the Court erred.

1. Whether the widow is entitled to a share of the fund depends upon whether she is an heir of her husband by the law of Connecticut, *where the contract of insurance was made and the money was to be paid.* As far as made apparent, it would seem the widow is not an heir under that law, and that the administrator is entitled to the fund as such. The company at least thought so, and they certainly should be familiar with the laws of their own State, and most especially with their own charter, which may have an important bearing on the subject. Again, does not the will assign the fund to the children? Upon the whole view of the case the administrator might well hesitate as to whom the money should be paid, and is fully justified, under the circumstances, in filing his bill for direction.

2. In the mean time it would be inequitable to hold him liable for interest where he has made none.

Judgment reversed.