JOHN M. SCOTT, plaintiff in error, *vs.* GEORGE SINGER, Jr., defendant in error.

54  689
86  707

1. When plaintiff in an action for land claims through a sheriff's deed, founded upon a sale under foreclosure of mortgage, and produces in evidence the mortgage, the judgment of foreclosure, the execution, and the sheriff's deed, with a deed from the purchaser to himself, and proves possession by the mortgagor at the date of the mortgage, he has made out a *prima facie* title.

2. Where, in such a case, the defendant claims under the mortgagor by a private sale subsequent to the mortgage, it will not prevent a recovery against him to prove that another person was in possession prior to the mortgagor, and that such person put the mortgagor in possession. If both parties in an action of ejectment, or of complaint for land, claim under the same third person, title need not be traced into such third person: See 17 *Georgia*, 303; 19 *Ibid.*, 331; 44 *Ibid.*, 638.

Ejectment. Mortgage. Title. Before Judge JAMES JOHNSON. Stewart Superior Court. April Term, 1875.

Scott brought complaint against Singer, Jr., for a lot of land in the town of Lumpkin, in Stewart county. The defendant pleaded title by prescription, and the pendency of a former suit. Upon the trial the plaintiff showed a mortgage on the property executed by one Blackburn, while in possession, regular foreclosure and sale thereunder, and deed from the purchaser to him. The defendant claimed under a private sale made by Blackburn subsequent to the date of the mortgage. It appeared that one Park had been in possession of the lot prior to Blackburn, and that he placed the latter in possession thereof. The court, thereupon, stated that as a prior, undisputed possession was shown in Park, it amounted to an outstanding title, and that therefore the plaintiff could not recover. Under this ruling the plaintiff submitted to a nonsuit, reserving the right to except.

Exception to such ruling was subsequently taken and error assigned thereon.

J. L. WIMBERLY; B. S. WORRILL; PEABODY & BRANNON, for plaintiff in error.

BEALL & TUCKER; INGRAM & CRAWFORD, for defendant.

BLECKLEY, Judge.

In reversing the judgment the law was announced by this court, as stated in the head-notes. Nothing need be added.

Judgment reversed.