Gouldsmith vs. Coleman.

WILLIAM GOULDSMITH, plaintiff in error, vs. SUE M. COLE-
MAN, administratrix, defendant in error.

1. Though a widow be the sole distributee of her intestate husband's estate, and though the whole estate be subject to be set apart to her for year's support, she has no legal authority, before it is so set apart and before administration is granted, to deliver personal property of the estate to a creditor of her deceased husband in payment of his debt, even if the debt be, in part, for the purchase money of the same property.

2. When, soon after thus disposing of the property, the widow obtains letters of administration, she may, as administratrix, recover the property or its value, from the creditor, in an action of trover or complaint, if the creditor, on demand, refuse to surrender it for due administration. She is not estopped, as administratrix, by the prior unlawful sale made by her as an individual.

Administrators and executors. Year's support. Estoppel. Before Judge McCutchen. Bartow Superior Court. February Term, 1876.

Mrs. Coleman, according to the evidence for the defendant, a few days after her husband's death, and before the administration upon his estate, turned over certain articles of household furniture, etc., to Gouldsmith in settlement of an indebtedness due to him by the deceased, created in part for such furniture. She subsequently administered upon the estate of the deceased, and the defendant having failed to return said property on demand, she instituted an action of complaint therefor. Two points were presented for the defense, to-wit: 1st. That Mrs. Coleman being the sole distributee of said estate, and being entitled to all of said property for her year's support, had authority to make such disposition of the property aforesaid. 2d. That by such disposition of the same, she was estopped from maintaining an action of trover therefor as administratrix.

The court charged the jury as follows: "If the evidence shows that the property sued for belonged to the plaintiff's intestate at the time of his death, it would remain the property of his estate after his death until it should be administered, or otherwise disposed of according to law, and if any one, after

Gouldsmith *vs.* Coleman.

the death of the intestate, without authority of law, got possession of the property, the administratrix of the estate would be entitled to recover it. If the widow of the intestate, before administration upon his estate, sold or turned over the property, or any of it, to defendant, and if afterwards administration was taken out on the estate, the administratrix, as such, would be entitled to recover the property of the estate, and would not be prevented from so doing by reason of any contract made with the widow of the intestate before administration."

The jury found for the plaintiff. The defendant moved for a new trial on account of error in the aforesaid charge. The motion was overruled and the defendant excepted.

WILLIAM T. WOFFORD; R. B. TRIPPE, for plaintiff in error.

M. R. STANSELL; WARREN AKIN, for defendant.

BLECKLEY, Judge.

Though the husband, when sole heir of the wife, may pay her debts and take her estate without administration, (Code, section 1761,) there is no such provision touching the wife. Section 1762 only makes her sole heir in case of his death without lineal descendants. It does not dispense with administration, or vary the general rule laid down in section 2483, that personalty vests in the administrator. Where there are no debts, the beneficiaries of an estate may distribute it among themselves, with or without administration, and, in equity at least, such conventional distribution will be maintained: 3 *Kelly*, 422; 13 *Georgia Reports*, 478; 14 *Ibid.*, 367; 23 *Ibid.*, 142; 29 *Ibid.*, 585; 34 *Ibid.*, 152; 36 *Ibid.*, 184; 38 *Ibid.*, 264; 55 *Ibid.*, 359, 449. It seems, however, that in an ordinary action at law, the administrator cannot be resisted by the fact of such distribution unless from lapse of time a due administration can be presumed: 6 *Georgia Reports*, 443; 7 *Ibid.*, 559; 31 *Ibid.*, 753. Doubtless, if all the parties interested

were before the court, and if the defense were presented by way of equitable plea, there would, at this day, be the same rule at law as in equity, and no more occasion to invoke a presumption, from lapse of time, in the one court than in the other. But without further legislation, the obstacles to bringing into a court of law parties other than those made such by the plaintiff or plaintiffs, would be insuperable. The plea of the defendant could not introduce new parties; and hence, in many cases, the strict legal rule would have to be administered. That rule must prevail in the present case. The only parties before the court are the widow as administratrix, and one of the creditors. What may or ought to be done with the property in the due course of administration, cannot be settled in this suit. The administratrix, by virtue of the letters granted to her by the ordinary, has the legal title, and that must prevail.

2. It seems well established by authority that the administratrix is not estopped by the prior illegal sale made by her as an individual: 3 *Kelly*, 263; 10 *Georgia Reports*, 361; 4 East, 441; 1 Adol. & Ellis, 49.

Judgment affirmed.