J. FRANK FORT, executor &c.,

*v.*

MARY P. EDWARDS and others.

A testator gave to his wife $5,000 "to be paid to her, as far as can be, out of the insurance money coming to my estate from the insurance on my life." He had three policies on his life, amounting in the aggregate to $2,500, payable to his wife, on which he always paid the premiums; he kept the policies in his possession, and delivered them, with his other papers &c. to his executor, and he had no other policy on his life.—*Held*, that the amount received from the insurance policies, by the widow, after his death, must be credited on the $5,000 legacy, notwithstanding the fact that such policies were, in terms, payable to her.

Bill for construction of will. On final hearing on pleadings and stipulation.

NOTE.—Marriage, even if voidable, or a matrimonial engagement, gives the wife an insurable interest (*Bliss on Life Ins.* § 25), that is not terminated by divorce (*McKee* v. *Phœnix Ins. Co*, 28 *Mo. 383; Phœnix Ins. Co.* v. *Dunham*, 46 *Conn.*, 8 *Reporter 331; Conn. Ins. Co.* v. *Schaefer*, 94 *U. S. 457*, 25 *Am. Law Reg. 399*, note. See *Welch's Appeal*, 43 *Conn. 342; McGrath* v. *Penn. Ins. Co.*, 8 *Phila. 113*); but a policy payable to the husband's *legal heirs*, does not include the wife (*Gauch* v. *St. Louis Ins. Co.*, 88 *Ill. 251; Rogers* v. *Bottsford*, 44 *Ga. 652.* See *Gosling* v. *Caldwell 1 Lea* (*Tenn.*) 454, 19 *Alb. L. J. 137*).

If issued for the sole use of the wife, or in case of her death to her husband's children, it belongs, at his death, exclusively to her (*Roe* v. *Mutual Life Ins. Co.*, 4 *Bigelow's Ins. Cas. 254; Smith* v. *Missouri Ins. Co.*, 4 *Dill. 353; Southern Ins. Co.* v. *Booker*, 9 *Heisk. 606*); or, if she predecease her husband, the title to the proceeds is vested in her heirs (*Libby* v. *Libby*, 37 *Me. 359; Hutson* v. *Merrifield*, 51 *Ind. 24; Swan* v. *Snow*, 11 *Allen 224; Fraternal Ins. Co.* v. *Applegate*, 7 *Ohio St. 292; Thompson* v. *American Co.*, 46 *N. Y. 674; Stilwell* v. *Mut. Life Ins. Co.*, 72 *N. Y. 385; Wilson* v. *Lawrence*, 13 *Hun 238.* See *Gambs* v. *Covenant Mut.*

*Mr. Jos. Coult*, for complainant.

*Mr. F. A. Johnson*, for Mary P. Edwards.

*Mr. C. W. Riker*, for E. M. Cleveland.

THE CHANCELLOR.

Cyrus Edwards, late of Newark, by his will dated April 3d, 1879, provided as follows:

"It is my will, and I do hereby bequeath and devise to my beloved wife, Mary P. Edwards, the just and full sum of $5,000, to be paid to her, as far as can be, out of the insurance money coming to my estate from the insurance on my life; and I do further devise to my said wife the $500 life insurance policy, now held by me, on the life of my wife, insured for my benefit, &c."

He died a few hours after he made his will. When he made the will, and when he died, he had three policies of insurance on his own life, for $2,500 in the aggregate, the insurance money secured whereby was payable to his wife, and he had no other insurance on his life at either time. He had a policy of insurance on his wife's life for $500,

Ins. Co., 50 Mo. 44; Mut. Ben. Ins. Co. v. Atwood, 24 Gratt. 497; Whitridge v. Barry, 42 Md. 140, 24 Am. Law Reg. 339); and so, if payable to the wife and children (Lockwood v. Bishop, 51 How. Pr. 221; Chapin v. Fellowes, 36 Conn. 132; Kugler's Case, 23 La. Ann. 455; Hearing's Case, 26 La. Ann. 326; Mellor's Trusts, L. R. (6 Ch. Div.) 127, (7 Ch. Div.) 200; Continental Ins. Co. v. Palmer, 42 Conn. 60; Deginther's Appeal, 83 Pa. St. 337; Anderson's Estate, 85 Pa. St. 202; Price v. Phœnix Ins. Co., 17 Minn. 497; Crogin v. Crogin, 66 Me. 517); or children only (Ruppert v. Union Ins. Co., 7 Roberts. 155; Cables v. Prescott, 67 Me. 582; Rickenbacker v. Zimmerman, 10 Rich. (N. S.) 110; Lee v. Chase, 58 Me. 432); or heirs, executors &c. (Rawson v. Jones, 52 Ga. 458; Grattan v. National Ins. Co., 15 Hun 74; Gosling v. Caldwell, 1 Lea (Tenn.) 454, 19 Alb. L. J. 137; New York Ins. Co. v. Flack, 3 Md. 341; Shaffer v. McDuffie, 14 Rich. Eq. 146; Mullins v. Thompson, 51 Tex. 7; Loos v. Ins. Co., 41 Mo. 539).

If the insurance company, in such case, fails in the life-time of the husband, he may sue, in his own name, to recover the premiums paid (Universal Life Ins. Co. v. Cogbill, 30 Gratt. 72. See United States Ins. Co. v. Wright, 33 Ohio St. 533; Harlow v. St. Louis Ins. Co., 54 Miss. 425); so, if the policy be payable to the assured for the use of his wife and children, they have no interest as against his bona fide assignee (Burroughs v. State Mut. Ins. Co., 97 Mass. 359; Bailey v. New England Ins. Co., 114

Fort v. Edwards.

payable to him, referred to in the will, and thereby given
to her.   After his death, his widow received from the insur-
ance company the money due ($2,781.58) on the policies on
his life.   The testator, in his life-time, kept those policies
in his possession, and paid the premiums thereon, and, on
the execution of his will, delivered them over to his execu-
tor as part of his estate, with all the other papers and docu-
ments belonging to his estate.   The widow claims that she
is entitled to the legacy of $5,000, irrespective of the money
received by her on those three policies, because they are not
within the description given by the will, inasmuch as the
money due on them was coming to her, and not to the tes-
tator's estate; and she insists that the insurance money is
not to go towards payment of the legacy.

It is evident that the testator referred to those policies.
He could not have meant any others, for he had none.   He
kept them in his own possession, paid the premiums him-
self, and, undoubtedly, regarded the money as part of his
estate, notwithstanding he had given direction to the pay-
ment of it by the provision in the policies that it should be
payable to his wife.   The words "coming to my estate"

*Mass. 177*); if payable to the wife, half for herself and half for the
use of her children, she may sue thereon, without joining them (*Life
Ins. Co.* v. *Ray, 50 Tex. 511*).

   If such interest be vested in the wife and children, the assured cannot
deprive them of it by his will (*Gould* v. *Emerson, 99 Mass. 154; Ruppert* v.
*Union Mut. Ins. Co., 7 Roberts. 155 ; Rogers* v. *Bottsford, 44 Ga. 652 ; Gauch*
v. *St. Louis Ins. Co., 88 Ill. 251.*   See *Kerman* v. *Howard, 23 Wis. 108*).

   As to where the right of testamentary disposition is reserved in the
policy itself, see *Roberts* v. *Roberts, 64 N. C. 695 ;* or a right of substi-
tuting another beneficiary (*Eiseman* v. *Judah, 4 Cent. L. J. 345 ; Critten-
den* v. *Phœnix Ins. Co., 41 Mich. 442*).

   Where the testator has insured his life for his own benefit, he may,
of course, dispose of the proceeds of the policy by his will (*Phillips* v.
*Eastwood, Ll. & G. temp. Sug. 270 ; Stooke* v. *Stooke, 35 Beav. 396 ; Petty* v.
*Willson, L. R. (4 Ch.) 574 ; Williams* v. *Corson, 2 Tenn. Ch. 269 ; Keller*
v. *Gaylor, 40 Conn. 343*); but a mere bequest of an annuity will not
pass a policy on the annuitant's life (*Hamilton* v. *Baldwin, 15 Beav. 232*);
so, money due on a policy may pass, as *donatio causa mortis,* by the
delivery of the policy (*Amis* v. *Witt, 33 Beav. 619, 7 Jur. (N. S.) 499,
1 B. & S. 109*).   Such bequests, however, are not valid as against cred-
itors (*Elliott's Case, 50 Pa. St. 75 ; Stokes* v. *Coffey, 8 Bush 533 ; Hath-
away* v. *Sherman, 61 Me. 466 ; Stokoe* v. *Cowan, 29 Beav. 637.*—REP.
   42

may be regarded as an error in description, as it undoubtedly was. The testator was *in extremis* when the will was made. He intended that the money to be received on the policies on his life should be taken and accepted as so much of the legacy of $5,000, and it will be so decreed.