SELLARS *vs.* CHENEY, administrator.

[Blandford, Justice, did not preside in this case.]

1. When a defendant in an action of complaint for·land puts in his defence, he must admit possession.
2. Section 2486 of the Code. applies only to suits by an administrator against heirs, or those holding under them; not to a suit by a stranger.
3. That an administratrix stood by and saw property of the intestate

sold under a void *fi. fa.* will not estop the administrator *de bonis non* who succeeded her from attacking the validity of the sale.

(*a.*) Code, §2966; 59 *Ga.*, 171 are not applicable.

4. A constable who served a summons, and a justice of the peace succeeding the one who issued it in that office, may prove and identify it; the justice who issued it need not be called.

5. Where a summons in a justice's court, based on a claim for more than fifty dollars was issued in 1876, and called upon the defendant to appear within less than twenty days, the judgment rendered, the *fi. fa.* issued thereon, and the sale made thereunder were void. That the court continued the case, and rendered the judgment more than twenty days after the issuing of the summons, did not render the proceeding valid.

6. In complaint for land, where plaintiff and defendant both hold under a common grantor, the title in him need not be proved.

7. The verdict is right.

September 25, 1883.

Administrators and Executors. Ejectment. Estoppel. Justice Courts. Judgments. Nullities. Before Judge Fort. Schley Superior Court. March Term, 1883.

Mrs. Ingraham, as administratrix of Ingraham, deceased, brought complaint for land against Sellars in 1881. During the pendency of the case, she married and her letters abated. Cheney administered and was made a party. On the trial plaintiff introduced a deed from one Hightower to Ingraham, dated in 1850, proved possession in the decedent from 1854 to 1874, when the latter died, showed plaintiff's letters of administration, introduced evidence o mesne profits, and closed.

Defendant moved for a non-suit, which was refused.

Defendant introduced a sheriff's deed, covering the premises in dispute, dated March 6, 1876, made under a justice court *fi. fa.* against Mrs. Ingraham, as administratrix. He also proved that Mrs. Ingraham was present and made no objection to the sale.

Plaintiff then introduced the record of the justice court suit on which the *fi. fa.* against the administratrix was founded, and the justice court docket, proving the same by

the constable of the justice who succeeded the one render-ing the judgment. From these it appeared that the sum-mons was issued on February 26, 1876, and called on the defendant to answer on March 11, although the amount in suit was $51.53.; that the case was continued until March 18, when judgment was rendered by default. It was ad-mitted that the tenants of Sellars had been in possession since the commencement of the suit, but that Sellars him-self had not been so.

The jury found for the plaintiff the premises, with mesne profits. Defendant moved for a new trial, on the follow-ing among other grounds:

(1.) Because the verdict was contrary to law and evi-dence.

(2.) Because the evidence did not show that the defend-ant or his tenants were in possession at the time this suit was brought.

(3.) Because the court admitted the justice court sum-mons without proof from the justice who issued it. [The proof was by his successor and the bailiff.]

(4.) Because the court failed to charge anything as to estoppel arising out of the presence of the former admin-istratrix at the sale under the *fi. fa.* and her failure to ob-ject thereto.

(5.) Because the court refused to grant a non-suit.

(6.) Because the court admitted the deed from High-tower to Ingraham, it appearing that the signature of the attesting justice was in a different ink from other parts of the deed.

(7.) Because the court held that if the justice court sum-mons was returned in less than twenty days, it and the sale thereunder were void.

(8.) Because the court held that the suit could be brought against the owner and not the tenant in posses-sion.

The motion was overruled and defendant excepted.

B. B. HINTON, for plaintiff in error.

B. P. HOLLIS, for defendant.

JACKSON, Chief Justice.

The questions made in this record and pressed here mainly by the plaintiff in error are, first, that possession in defendant in the ejectment case was not proved; secondly, that the administrator could not sue unless he brought himself within section 2486 of the Code, and showed either prior possession, or that the recovery was necessary to pay debts or make proper distribution; thirdly, estoppel; and fourthly, the evidence necessary to prove and identify a summons to a justice court so as to admit it in the evidence.

1. When the defendant put in his defence to the action, the law and rule of court required him to admit possession.

2. Section 2486 of the Code, applies to suit by the administrator against heirs or those holding under heirs. Sellars, the defendant here, was neither an heir nor did he hold under one.

3. The estoppel is not good under the facts. It is based on the idea that the former administratrix stood by and saw the sale under the void *fi. fa.*, and thereby the administrator *de bonis non* is estopped from attacking its invalidity. Even if an administrator sells illegally as an individual he is not estopped as administrator; certainly then he will not be, if the preceding administratrix sees the sheriff sell illegally and says nothing. 57 *Ga.*, 425; Section 2966 of Code, and 59 *Ga.*, 171, are not applicable.

4. The constable who served the summons, and the justice of the peace who succeeded him who issued it in that office, may prove and identify it, and the justice of the peace who issued it need not be called. The constable who served it certainly knew as much about it as the justice who issued it for service.

5. The justice court was illegally held, under the constitution of 1868, and the judgment and *fi. fa.* and sale were void; the court being held not in the time prescribed by law, was no court. 56 *Ga.*, 283; 59 *Ib.*, 533, 603; 60 *Ib.*, 631, 466; 65 *Ib.*, 557.

6. Where plaintiff and defendant both hold under a common grantor, the title in him need not be proved. 54 *Ga.*, 689; 55 *Ib.*, 613.

7. The verdict is right.

Judgment affirmed.