| 35 | 371 |
| 59 | 133 |
| 59 | 377 |
| 60 | 76 |
| 35 | 371 |
| 71 | 377 |

HELEN M. WISWELL, Administratrix, vs. WILLIAM H. WISWELL.

July 7, 1886.

**Administrator—Acts before Appointment—Estoppel.**—An administrator is a mere officer of the law, and his title to the assets of the estate is official, and not personal, and cannot be affected, to the prejudice of the estate, by any acts of his prior to his appointment.

Plaintiff, as administratrix of her deceased husband, brought this action of replevin for a horse in the municipal court of Mankato.   On the trial before the court, (a jury being waived,) the plaintiff having proved that the horse belonged to the intestate at the time of his death, the defendant offered to prove that after that event and before her appointment as administratrix, the plaintiff "traded the horse in question to the defendant for a horse of the defendant which she has ever since had in her possession," and has treated as her own; that, after her appointment, the plaintiff as administratrix ratified the exchange, and that prior to appointment, with the consent of all the heirs-at-law, plaintiff sold and received the pay for many articles of personal property belonging to the estate of the decedent.   The evidence was objected to and excluded, the defendant excepting.   Judgment was ordered for plaintiff, a new trial was denied, and the defendant appealed.

*James Brown* and *Pfau & Shissler*, for appellant.

*P. A. Foster*, for respondent.

MITCHELL, J.   An administrator is a mere officer of the law, and though, when necessary for the protection of the interests of the estate, his title will be held to relate back to the death of the intestate, yet it is an official title, held for the benefit of creditors and next of kin, which cannot be affected to the prejudice of the estate by any acts of his prior to his appointment; nor will his title be affected by any estoppel that does not rest on equities *against the estate*.   The fact that a person has been subsequently clothed with the official title cannot make good prior acts which he has not assumed to do officially, but in a different capacity from that in which he is now acting.   The plaintiff, when appointed administratrix of this estate, could not have any less power than any other person who might have received the same appointment.   The nature and extent of her title to the assets of the deceased cannot be limited or defeated by any previous acts of hers done in her private or personal capacity.   On her appointment she became vested, as administratrix, with all such title to the personalty as her intestate had at his death, and she was neither obliged nor had she the right to bind the estate by an unauthorized act done to the prejudice of the estate, either by herself or any one else, prior to her appointment.   Any other rule would be a very dangerous one.   It would put it in the power of the widow or other person, by first wrongfully intermeddling with or disposing of the assets, and then obtaining letters of administration, to squander the whole estate, and defraud both creditors and next of kin out of their rights.   1 Pars. Cont. 132; *Doe* v. *Glenn*, 1 Adol. & El. 49; *Wilson* v. *Hudson*, 4 Harr. (Del.) 168; *Gouldsmith* v. *Coleman*, 57 Ga. 425; *Leber* v. *Kauffelt*, 5 Watts & S. 440; *Gilkey* v. *Hamilton*, 22 Mich. 283.

What may or ought to be done with the assets, or to whom they will go, in due course of administration, is a matter that cannot be inquired into or settled in this suit.   That is a matter exclusively of probate jurisdiction.

Order affirmed.