## GEORGE A. REISER vs. BARBARA GIGRICH et al.

Submitted on briefs Nov. 20, 1894.   Reversed Dec. 12, 1894.

No. 9046.

**The facts stated.**

G. and his wife held three promissory notes, made to them jointly, secured by a real-estate mortgage.   G. died testate, and by the terms of his will bequeathed to his wife the sole use, benefit, interest, and income of his whole estate during the term of her natural life, and in case the income therefrom should be insufficient for her support, then she was authorized to take a sufficient sum from the principal for her support during her lifetime.   After the husband's death the widow foreclosed the mortgage, bid in the premises in her own name, which were duly redeemed by the owner, and the whole of the redemption money paid to the widow, who deposited it in a bank, and two certificates thereof were issued to the widow, and she transferred them to her son.   The executor named in the will filed his account, and also filed his resignation with the Probate Court, which was duly accepted, and thereupon the widow petitioned the Probate Court for the appointment of an administrator of the estate with the will annexed, which was done accordingly, and he brought suit against the widow, the son, and the bank where the money was then deposited, for possession thereof.

**Parties to actions.**

*Held*, that the action could be maintained against all of them, and that the bank was a proper party defendant.

**Proper but not necessary parties defendant.**

This court adopts as the law the rule laid down in Pomeroy on Remedies and Remedial Rights (section 329) as to who is a proper party to an action, viz.: "One without whom a substantial decree may be made, but not a decree which shall completely settle all the questions which may be involved in the controversy, and conclude the rights of all persons who have any interest in the subject-matter of the action."

Appeal by plaintiff, George A. Reiser, as administrator with the will annexed of the estate of John Gigrich, deceased, from an order of the District Court of Scott County, *Francis Cadwell*, J., made February 3, 1894, sustaining the demurrer of the defendant, the First National Bank of Shakopee, to the complaint.

Appeal also by plaintiff, from an order of the same court, made the same day overruling his demurrer to the third answer of the defendants, Barbara Gigrich and Wendolin Gigrich.

Plaintiff as such administrator commenced this action February

23, 1894, against defendants, Barbara Gigrich, Wendolin Gigrich and the First National Bank of Shakopee. The complaint stated that John Gigrich died testate February 15, 1889. His will was proved and Florian Vierling made executor. He resigned October 1, 1892, and settled his account and plaintiff was appointed administrator with the will annexed August 7, 1893, on the widow's petition. Deceased owned at his death a half interest in three notes and a mortgage for $2,230. His wife owned the other half and had since collected the whole debt by foreclosure proceedings and had deposited the money in the First National Bank of Shakopee and transferred to her son, the other defendant, the certificates of deposit. That the three had conspired to prevent this half of the debt from coming to the hands of the plaintiff. The prayer was that defendants be restrained from using and from transferring this half of the money and the evidences thereof given by the bank, that the widow and her son account for and pay over the money and that plaintiff have such further relief as should seem to the court proper and equitable. The Bank demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action as against it.

The other defendants for a third answer alleged that deceased and his wife were joint tenants of the debt and mortgage, that in and by the will of John Gigrich, deceased, he devised and bequeathed to his widow, the defendant Barbara Gigrich, the sole use, benefit, interest and income of the whole of his estate both real and personal for and during the term of her natural life and authorized her in case she should not receive enough for her support from the use and income thereof, to take from the principal for that purpose. That all the debts of the testator and his funeral expenses and all expenses of the administration of the estate had been paid and that all the bequests which were by the terms of the will payable before the death of the widow had also been paid before the resignation and discharge of Vierling, the executor named in the will. The terms of the will and what bequests were therein made did not appear from the pleadings. To this answer plaintiff demurred on the ground that the new matter stated therein did not constitute a defense.

The trial court sustained the demurrer of the Bank and overruled the demurrer of the plaintiff and he appeals from both orders.

*Chas. G. Hinds,* for appellant.

The administrator has the right to possession of all the personal estate of the deceased until delivered over to the devisee, by decree of distribution of the Probate Court. Probate Code, § 89. This is a proceeding by the administrator to recover assets, to the end that the Probate Court may determine what rights any and all devisees are entitled to under the will. The administrator is entitled to retain everything until the Probate Court has determined who is entitled to it under the will. The answer of the widow and her son does not state that the Probate Court had determined that the use, income and interest of the estate was not sufficient for her support, or that it had ordered the whole or any part of the principal to be delivered to her for that purpose, nor does it allege that the Probate Court has made any distribution of the estate. *Jacobs* v. *Fouse,* 23 Minn. 51; *Davis* v. *Hudson,* 29 Minn. 27; *State ex rel.* v. *Ueland,* 30 Minn. 277; *Hoyt* v. *Hilton,* 2 Edw. Ch. 202; *McDonald* v. *Aten,* 1 Ohio St. 293; *Shroyer* v. *Richmond,* 16 Ohio St. 455; *Lannon* v. *Hackett,* 49 Wis. 261; *McLaughlin* v. *Winner,* 63 Wis. 120; *Bostwick* v. *Estate of Dickson,* 65 Wis. 593.

There being a cause of action against the two defendants, not on a debt, but to recover trust funds on deposit in the bank, the bank is a proper party defendant. The identity of the trust funds is not lost by being deposited with the defendant Bank. *Third Nat. Bank* v. *Stillwater Gas Co.,* 36 Minn. 75.

All persons should be parties to a suit in equity who are necessary to make the determination complete and to prevent further litigation. Story's Eq. Pl. §§ 72, 76a; *Armstrong* v. *Pratt,* 2 Wis. 299; *Geisse* v. *Beall,* 3 Wis. 367; *Pettibone* v. *Edwards,* 15 Wis. 95; *LaGrange* v. *Merrill,* 3 Barb. Ch. 625; *Van Epps* v. *Van Deusen,* 4 Paige, 64; *Bailey* v. *Inglee,* 2 Paige, 278; *National Bank* v. *Insurance Co.,* 104 U. S. 54.

*Southworth & Coller,* for respondents.

The certificates of deposit are negotiable instruments. *Cassidy* v. *First Nat. Bank,* 30 Minn. 86. Neither the plaintiff nor the Bank knew, or could have known, who owned the certificates at the time

the action was commenced, or who would own them the next day. Being negotiable, the Bank would be obliged to pay them to the *bona fide* holder, when they became due, and the court cannot and will not restrain defendant Bank from doing that which it is its duty to do. There is no intimation in the complaint that the Bank had any knowledge or reason to believe that any part of the money was claimed to be a trust fund, until the commencement of this action.

This will of John Gigrich was duly probated and the executor therein named fully settled the estate excepting the formal turning over to defendant Barbara of this particular fund which was then in the form of a sheriff's certificate in her name and possession when he resigned and plaintiff was appointed.

The bequest to the widow of the sole use, benefit, interest and income of the property for life gives her at least a life estate in the property. As donee for life she is entitled to the possession. *In re Oertle*, 34 Minn. 173. Admitting that the plaintiff is entitled to have the property in his possession so that he may turn it over to the widow and that he could recover it from any other person for that purpose, it does not follow that he can recover it from her. It is now where it belongs. Plaintiff simply contends that it has not got there through the regular channel and wants to take it away from her so that he can give it back in the proper manner. But, as is stated in *Goodrich* v. *Moore*, 2 Minn. 61, courts of equity will not exercise their powers for the enforcement of rights or the protection from wrong in the abstract. *Jacobs* v. *Fouse*, 23 Minn. 51.

BUCK, J. On the 16th day of January, 1889, John Gigrich and Barbara Gigrich were, and for many years had been, husband and wife, and were the owners of a farm in Scott county, in this state, and on that day they sold their farm to one Frank Zobel, and for part of the purchase price Zobel executed back to Gigrich and wife three promissory notes for the respective sums of $743.34, $743.33, and $743.33,—total, $2,230,—and to secure the payment thereof Zobel executed a mortgage back to the Gigrichs upon the land conveyed; the notes drawing interest at the rate of seven per cent. per annum. The mortgage was duly recorded.

On the 15th day of February, 1889, John Gigrich, the husband,

died testate, leaving goods and chattels, and by the terms of the will one Florian Vierling was named as executor thereof, and who duly qualified as such April 24, 1889, the said will having been duly proved and admitted to probate in said county of Scott on the 2d day of April, 1889. On the 7th day of September, 1892, the executor filed an account of his administration in the Probate Court, and also filed therein his resignation as executor of said estate, which resignation was on the 1st day of October, 1892, accepted, and he was discharged as such executor by the Probate Court.

On the 7th day of August, 1893, Barbara Gigrich petitioned the Probate Court to appoint the plaintiff herein, George A. Reiser, as administrator with the will annexed of the estate of said John Gigrich, deceased, which appointment was duly made by the Probate Court, and said Reiser duly qualified as such administrator, and ever since has been the administrator of said estate. . Default having been made in the payment of the notes and mortgage, Barbara Gigrich, as surviving payee and mortgagee, foreclosed the mortgage, and bid in the premises at the foreclosure sale in her own name for the sum of $2,000, that sum, however, being less than the amount then due upon the mortgage. The sheriff duly executed to her a certificate as the purchaser at such sale.

On March 18, 1893, the then owner of the premises redeemed the same from such foreclosure sale by paying to the sheriff the sum of $2,126.40, and on the 20th day of March, 1893, the sheriff paid the whole amount thereof to Barbara Gigrich, the defendant herein, and who purchased said premises at the foreclosure sale. On the 22d day of March, 1893, the defendant Barbara Gigrich deposited the whole sum of $2,126.40 with the defendant First National Bank of Shakopee, and received therefor its certificate of deposit, payable to her order on the return thereof in six months, with interest at the rate of four per cent. per annum. There is no controversy as to the truth of the above statement of facts.

It is also alleged in the complaint that the defendant and her son Wendolin Gigrich, on the 22d day of September, 1893, conspiring with each other to cheat and defraud the estate and devisees of said John Gigrich out of one-half of said sum of $2,126.40, drew from said First National Bank on said certificate of deposit said principal sum and $42.52 interest, and converted the same to their own use; and

that on said 22d day of September, 1893, they surrendered said certificate of deposit to said First National Bank, and received in lieu thereof its two time certificates of deposit bearing date the same day, one of which, for $1,000, was delivered to Wendolin Gigrich, payable to his order, and another for $1,000 was delivered to Barbara Gigrich, payable to her order, each payable in six months from date, and drawing interest at the rate of four per cent. per annum.

It is further alleged in the complaint that in the month of October, 1893, and before the commencement of this action in furtherance of said conspiracy, the defendant Barbara Gigrich gave said certificate of deposit issued to her to the defendant Wendolin Gigrich, without consideration therefor, and that he now holds the same in furtherance of said conspiracy and fraudulent purpose, he knowing at the time all the facts herein stated.

There is also a further allegation in the complaint that all of said redemption money was on deposit in said defendant bank at the time of the commencement of the action, and that prior to the commencement of the action the plaintiff duly demanded of Barbara Gigrich and Wendolin Gigrich one-half of the money so paid on the redemption from such foreclosure sale, and represented by said two certificates of deposit, less one-half the costs; but that said Barbara Gigrich and Wendoiln Gigrich neglected and refused to deliver or pay the same to plaintiff as such administrator.

The complaint also demands judgment against the defendants Barbara Gigrich and Wendolin Gigrich, that they be restrained from negotiating the certificates of deposit, and that they account for one-half of said money, and that it be impressed with and charged as a trust in favor of plaintiff for the use of the estate and devisees of John Gigrich, deceased, and that they account for one-half of said money and interest, and that the defendant bank be restrained and enjoined from paying the same to any person other than plaintiff, and demands judgment against all of the defendants for $1,083.46, the proceeds of said trust fund included in the two certificates of deposit.

The defendant bank interposed a demurrer to the whole complaint, upon the ground that the complaint upon its face did not state facts sufficient to constitute a cause of action against itself.

Of course, the demurrer admits all the facts stated in the com-

plaint. The court below sustained the demurrer of the defendant bank to the plaintiff's complaint. There are no grounds or reasons stated by the lower court upon which it based its decision sustaining the demurrer. Assuming that the plaintiff's complaint stated a good cause of action against the other defendants, we fail to see how the demurrer of the defendant bank could be properly sustained.

The bank, by its demurrer, admitted that it had the money in its possession, and that the defendant Wendolin Gigrich had the certificate. If Wendolin could not legally retain the money or the certificate of deposit as against the plaintiff's rights, then the defendant bank had no right to retain the money, or pay it out to others, so long, at least, as the defendant Wendolin Gigrich retained the certificate. Whatever might be the rights of an innocent purchaser of the certificate of deposit before maturity, for value, we need not discuss, for the facts do not present any such case.

The bank, by its demurrer, admits that there was a conspiracy between the other defendants to cheat and defraud the estate and devisees of John Gigrich out of the money which it holds, and that the evidence that it holds such money is a certificate of deposit in the hands of Wendolin Gigrich, another defendant. The time it became aware of that fact is immaterial if the money was in its possession when it received such notice, and remained there up to the time of the beginning of this action and at the time of interposing the demurrer.

Notwithstanding its admissions of the truth of all the facts alleged in the complaint, it insists that it is not in any way liable as a party defendant in this action. If it is either a necessary or a proper party, the demurrer should have been overruled. A party may be a proper one, although not a necessary party. This question was discussed and decided at this term in case of *Tatum* v. *Roberts, ante* p. 52, (60 N. W. 848.) Probably this action might be maintained against the other two defendants without having joined the bank as a codefendant, and, if so, the bank was not a necessary party to the action. A proper party to an action is one "without whom a substantial decree may be made, but not a decree which shall completely settle all the questions which may be involved in the controversy, and conclude the rights of all the persons who

have any interest in the subject-matter of the litigation." Pom. Rem. & Rem. Rights, § 329.

Now, within this rule it seems to us that there cannot be any reasonable doubt but that the defendant bank is a proper party. If the money which Barbara Gigrich received and placed in the bank, and for which Wendolin Gigrich holds the certificate of deposit, was impressed with a trust, or subject to a trust by operation of law, then the bank, as transferree or holder thereof, became liable to the party originally entitled to its possession. It may be true that an action at law could be maintained against Barbara Gigrich and Wendolin Gigrich for the recovery of this trust fund, but in this case the plaintiff is entitled also to the benefit of the equitable jurisdiction of the court, to obtain the possession of the trust fund which it holds, not as owner, but as a trustee, and which it admits is now in its possession. The plaintiff has a right to demand that it shall not pay this trust fund to any one else until the final adjudication of the matter, and that it shall then pay it to the plaintiff if the court so holds. If the bank could pay this money at its pleasure, there might be but little protection for the plaintiff's right to the same, and the safeguard which should be thrown around the trust fund in behalf of the possessory right of the plaintiff might be destroyed.

It is not necessary that the bank should be guilty of any wrongdoing in the matter to make it liable as a proper party defendant; it is sufficient if the facts are brought home to its knowledge while it has the trust fund in its possession, and while it is yet under no exclusive and legal liability to pay it out to innocent persons, but only to one or more of its codefendants or to this plaintiff. It should therefore hold the trust fund subject to the trust, and to this end the plaintiff has the right to invoke the equitable powers of the court to have this fund protected against any act or attempt on the part of the bank to dispose of it, or to transfer it to other persons, until permitted by the court to do so, and in the meantime it can be restrained from so doing. See *Third Nat. Bank* v. *Stillwater Gas Co.*, 36 Minn. 75, (30 N. W. 440.)

Thus far we have assumed that the plaintiff had the right to the possession of the funds in controversy. Is this true as a matter of law? In the respondents' brief it is alleged that the will in this

case was duly probated, and that the executor therein named fully settled the estate excepting the turning this fund over to defendant Barbara Gigrich. We do not find any such fact in the record that the estate was fully settled. We do find, however, that Florian Vierling, the executor named in the will, filed his account, and then resigned, and that his resignation was accepted by the Probate Court. This is very far from an allegation that the estate was fully settled. On the contrary, the defendant Barbara Gigrich, several months after the resignation of Vierling as such executor, filed a petition with the Probate Court asking the appointment of the plaintiff herein as administrator with the will annexed of the estate of said John Gigrich, which appointment was made accordingly by the Probate Court. She ought not to be allowed to come into court now and claim that the estate was fully settled, upon no other facts than here presented, especially as this plaintiff was so appointed upon her own petition; and we assume that the estate was still unsettled at the time when the plaintiff was appointed administrator with the will annexed and at the time when this action was commenced. This being so, was the plaintiff entitled to the funds in controversy at and before the time of commencing this action, and is he now so entitled? The plaintiff's demurrer to a portion of the defendants' answer is not quite as specific as is advisable in such cases, but, as we understand it, it is intended to apply to all of the defendants' answer after the first paragraph.

We are of the opinion that the portion of the answer demurred to does not state a defense or counterclaim. We do not assume to construe the terms of the will referred to in the pleadings, because it is not necessary in this action. The source from which the fund came is unquestioned, and the real question is as to the party into whose possession it should be given, or by whom it should be controlled until the final settlement of John Gigrich's estate, or disposed of by the proper adjudication of some competent tribunal having jurisdiction over its disposition. By virtue of Laws 1889, ch. 46, § 89, the executor or administrator has the right to the possession of all of the real and personal estate of the decedent, and to receive the rents and profits of the real estate, until the estate is settled, or until delivered over by order of the Probate Court to

the heirs or the devisees. There are some exceptions to the provision of this section of such articles of personal property as never came into the possession of the executor or administrator.

The will itself is filed with the Probate Court, and is under its control. There has been no final settlement of the estate, no order of the Probate Court for the delivery to the heirs or devisees of the estate, or any part thereof, and not even a final hearing. Until these things have been done, the executor is entitled to the possession of the estate of the decedent. In the case of *Wiswell* v. *Wiswell*, 35 Minn. 371, (29 N. W. 166,) it was said: "What may or ought to be done with the assets, or to whom they will go in due course of administration, is a matter that cannot be inquired into or settled in this suit. That is a matter exclusively of probate jurisdiction." This was a case where the administratrix had, as the widow of her deceased husband, traded a horse which had belonged to her deceased husband for another horse, and the widow, after her appointment as administratrix, brought an action of replevin for the horse which she had traded away with the consent of all of the heirs at law of the deceased husband. In the opinion from which we have made the above extract it is further stated that the administratrix, "on her appointment, became vested as administratrix with all such title to the personalty as her intestate had at his death, and she was neither obliged, nor had she the right, to bind the estate by an unauthorized act done to the prejudice of the estate either by herself or any one else prior to her appointment."

We are of the opinion that this is the only safe rule, and that the title, possession, and control of the personal estate of an intestate should remain in the executor or administrator until it is distributed or assigned by order of the Probate Court. We do not wish to be understood, however, as holding that the Probate Court could not, in a proper case, by its order assign a part of the estate to whom it descends by inheritance or belongs by testamentary disposition before final decree. But to allow each beneficiary or legatee in a will or each heir to hold and retain possession of such portion of the personal estate as he might assert or claim title to, would lead to such complications and confusion as would bring disaster to the proceedings in Probate Court. By a proper decree in Probate Court the distribution of the estate is made, and then

the legatee beneficiary or heir has the solemn adjudication of an authorized and competent tribunal as to his rights and title, and which can stand unimpeached unless in case of appeal.

It may be that the delivery of this money to plaintiff as administrator will be the doing of a useless act, but that such will be the case we cannot find from the record as a matter of law, and we are of the opinion that the plaintiff, as such administrator, has the right to maintain this action.

The order of the court sustaining the demurrer of the defendant bank to the plaintiff's complaint, and its order overruling the plaintiff's demurrer to the second defense set forth in the answer of the defendants Barbara Gigrich and Wendolin Gigrich, are both reversed.

GILFILLAN, C. J., absent on account of sickness, took no part.

(Opinion published 61 N. W. 30.)