(25 Misc. Rep. 464.)

## In re SCHWEIBERT'S ESTATE.

(Surrogate's Court, New York County. December, 1898.)

1. EXECUTORS—FINAL ACCOUNTING—OMITTED DISBURSEMENTS.

In proceedings to punish an executor for failure to comply with a distribution decree, directing him to pay over money to an heir, he is entitled to credit for moneys paid to such heir on account of his legacy prior to the making of the decree, for which, through his inadvertence, he was not credited in his final account.

2. SAME—LIABILITY FOR INTEREST.

Where a decree directing an executor to pay a minor's distributive share on the appointment of a guardian does not require him to deposit it with the chamberlain in default of such appointment, and there is no proof that the executor converted any of the money or that he received any interest thereon, he is not liable for interest prior to the service on him of a copy of the guardian's bond.

Contempt proceedings against the executor of the estate of John Schweibert, deceased, for noncompliance with a decree of distribution.

Charles E. Francis, for petitioner.

J. Bradley Tanner, for respondent.

ARNOLD, S. The respondent was, by decree entered November 9, 1892, on a judicial settlement of his account as executor of this estate, directed to make payment of the distributive share of a minor legatee to his general guardian to be appointed, upon the latter giving the security required by law. No such guardian was appointed or qualified until October 28, 1897, and no demand was made by the latter upon the respondent until November 21, 1897, and upon his failure to make payment in response to such demand this proceeding was brought to punish him for contempt. The respondent has filed an affidavit, from which it appears that between the time of the entry of said decree and the appointment of the petitioner as such guardian he paid to the petitioner, the stepfather of the minor, and with whom the latter resided, certain moneys on account of such distributive share, for application to the latter's support and maintenance, amounting to $643; and it also appears that he had for the same purpose paid to said petitioner the further sum of $120 prior to filing the account upon which such decree was entered, but for which he had not claimed credit in such account, which he claimed was due to inadvertence of himself or his attorney. None of these facts are contradicted by the petitioner, and the latter's receipts for all the amounts claimed to have been paid are filed by the respondent, who is therefore entitled to be credited, upon the amount directed by the decree to be paid by him for the benefit of the infant, the amount of $643. While it is true that he should have claimed credit for the $120 payment in his account, and that the decree cannot be amended in this proceeding, which is not brought for that purpose, I think the fact that he admittedly made such payment should be taken into consideration upon an application to punish him for contempt. It does not appear that his refusal to pay over the sum demanded was put upon the ground that the demand was for too large a sum, but

that his excuse was that he had no means with which to make payment. As the usual direction that, in default of the appointment of a guardian within a specified period, the minor's share shall be deposited with the chamberlain, was not contained in the decree, and there is no proof as to when, if at all, the respondent converted to his own use any of the infant's moneys, or that he received any interest thereon, I do not think that he should be charged with interest for any period anterior to the time when a copy of the guardian's bond was served upon him, as shown by the papers, and he should be credited with interest on the payments made by him from the same date. An order may be submitted directing that if the respondent shall not, within 10 days from the service of such order upon him, pay to the petitioner the amount of the infant's share as directed by the decree, with interest as aforesaid, less the sum of $763, with interest as aforesaid, an order for and warrant of commitment shall issue against him, providing that he stand committed until he makes payment of such balance, together with $70 costs of proceeding in such case awarded to the petitioners.

Decreed accordingly.