## IN RE ESTATE OF OSCAR S. BERGMAN. LILLIE B. ALBENBERG, APPELLANT.[1]

December 19, 1930.

Nos. 28,184, 28,422.

[1]Reported in 233 N. W. 806.

 

*O. S. Andresen,* for appellant.

*Harry Weiss,* for Merchants Trust Company, Clarence E. Bergman and Harry Weiss, respondent-executors and trustees.

OLSEN, J.

Appeal by Lillie B. Albenberg from a judgment of the district court affirming the order of the probate court allowing the final account of the executors and affirming the final decree of distribution in the matter of the estate of Oscar S. Bergman, deceased.

Oscar S. Bergman died testate in Ramsey county on April 5, 1928. He left an estate of about $500,000. He left surviving him his widow, two brothers, three sisters, and other more distant relatives. His last will and testament was admitted to probate by the probate court of Ramsey county on May 10, 1928. The estate was probated and the final account of the executors approved, and final decree made distributing the estate on June 18, 1929. The will gave to three named trustees an undivided one-third of testator's estate, the income therefrom to be paid to his wife during the term of her natural life. It provided in this connection that his executors should pay to the wife the sum of $400 per month in advance from the date of his death for maintenance during the probating of his estate. The wife did not assent to the will and elected to take under the statute. The provision for monthly payments to her is important only as showing that testator had in mind that trusts created by his will would not yield income until the estate was settled. The will created two other trusts and provided some 19 legacies, some of them bequests of specific items of property, the majority of them legacies of stated sums of money.

The bequest here in question is that provided for Lillie B. Albenberg, by the fifteenth paragraph of the will, reading as follows:

"I give, devise and bequeath unto my said Trustees the sum of forty thousand ($40,000) dollars in trust, however, for the following uses and purposes, to-wit: to pay the income thereof to my sister, Lillie B. Albenberg, during the term of her natural life, quarterly or at more frequent intervals as my said Trustees shall determine and upon the death of my said sister said trust shall terminate and said trust estate shall revert to and become a part of my residuary estate and be distributed as in the succeeding eighteenth paragraph provided."

By other provisions of the will the trustees are directed to invest and reinvest the fund so as to produce income. The probate court by its final decree assigned to the three named trustees the sum of $40,000 in accordance with the fifteenth paragraph of the will above set forth. It appears to be agreed that income from the trust property from and after May 1, 1929, is to go to the trustees and be paid to the beneficiaries.

The sole contention of the appellant is that she should receive interest on the $40,000 from the time of testator's death up to the time of the settlement of the estate, or up to May 1, 1929.

It is conceded that the expenses of administration and debts proved and allowed exceeded the income from the entire estate up to May 1, 1929. Hence, if the expenses of administration were properly allowed and paid out of the income from the estate, no income remained from which to pay interest or income to appellant prior to May 1, 1929. The case of Held v. Keller, 135 Minn. 192, 160 N. W. 487, we believe correctly indicates the view of this court. It was there stated that the right to income from a trust fund created by will was necessarily subject to the payment of the expenses of administration, and it was held that where it appeared that these expenses exceeded the income received no income for the period of administration could be recovered.

Under our statutes, G. S. 1923 (2 Mason, 1927) § 8788, the expenses of administration are to be paid out of the estate. When the estate is fully administered the court shall assign the residue to the persons entitled thereto. §§ 8877-8880. It is further provided

by § 8822 that the probate court shall limit the time for the settlement of the estate, not to exceed 18 months in the first instance. The representative of the estate, upon his appointment and qualification, becomes vested, for the purpose of administration, with the title and right to immediate possession of all personal property of the estate, except such as is set apart to the surviving spouse or children. Wiswell v. Wiswell, 35 Minn. 371, 29 N. W. 166; Reiser v. Gigrich, 59 Minn. 368, 377, 61 N. W. 30. Even in the case of real estate, title to which passes to the heirs or devisees and not to the representative, it is subject to the payment of debts and charges of administration and may be sold for those purposes if the personal estate is insufficient. State v. Ramsey County Probate Court, 25 Minn. 22; Greenwood v. Murray, 26 Minn. 259, 2 N. W. 945. The executor holds the property for the purpose of paying debts and expenses of administration. Samels v. Hartford A. & I. Co. 163 Minn. 209, 213, 203 N. W. 620. He is to apply it, so far as necessary, to the payment of debts of the deceased and expenses of administration. What remains is then to be distributed to the legatees and distributees. U. S. v. Jones, 236 U. S. 106, 112, 35 S. Ct. 261, 59 L. ed. 488, Ann Cas. 1916A, 316. Legatees and distributees are not entitled to receive or enjoy the property until the administration is completed. Id.

The representative is not liable for interest on funds unless he received interest or income therefrom. Colt v. Colt, 33 Conn. 270; Rogers v. Bottsford, 44 Ga. 652; In re Doremus, 33 N. J. Eq. 234; In re Schweibert's Estate, 25 Misc. 464, 55 N. Y. S. 649; In re Garrabrant, 178 App. Div. 23, 165 N. Y. S. 139; Sparhawk v. Buell's Admr. 9 Vt. 41. The same rule should apply where the income received is needed and used for payment of expenses of administration so that no income remains in the hands of the executor at the time of distribution. Where the representative of an estate receives income therefrom during the period of probating the estate, such income is properly applied by him in the discharge of debts and expenses of administration unless the will of the testator makes other provision for the payment thereof out of other funds.

There is nothing in the present will indicating any intent on the part of the testator to prefer this appellant over other beneficiaries in the matter of income from the estate during the time of probating. If any intent is to be found it is rather to the contrary. If there had been income received by the executors in excess of the debts and expenses, a different question might have arisen. The descent and distribution of the estates of decedents is so fully regulated by statute in this state that rules of the common law in reference thereto have but very limited application. Under our statute, as construed by our courts, we are of the opinion that, where all income from an estate received by the representative during administration is less than the expenses of administration and debts allowed, there remains nothing out of which to pay interest or income, during the administration period, to legatees or beneficiaries. The testator of course could have made provision for the payment of these charges out of a specific fund, but has not done so or indicated any intention so to do in this case. There was in this case no delay in the administration of the estate and no liability of the representative to pay interest on that ground.

The rule laid down in the case of Will of Leitsch, 185 Wis. 257, 201 N. W. 284, 37 A. L. R. 547, cited by appellant's counsel, is that debts and expenses of administration were first to be paid, and that the legatee of an income for life from a stated share of the estate was entitled to such income only after the estate was settled and the share invested so as to earn income. The case was decided on the theory however that if it could be gathered from the will that the testator intended that such legatee for life should enjoy the property in the condition it was in at the time of testator's death, then the bequest is specific and the legatee is entitled to the possession and enjoyment of the property from that date. The bequest in that case was not a mere bequest of income but a bequest of the use and income of the property. There is in the present case no indication of a specific bequest of any definite item or part of testator's estate.

Bancroft v. Security Co. 74 Conn. 218, 50 A. 735, concerns the disposition of the principal and income in the hands of the executors at the time of their final account. Presumably the debts and expenses had been paid or provided for, and only the income remaining after debts and expenses were paid was considered.

Other authorities and cases are cited. So far as appears none of them directly holds that a legatee such as this plaintiff is entitled to be preferred over other legatees in the matter of expenses of administration, or to receive income from the estate where no income remains after the expenses of administration are paid.

Judgment affirmed.

