MARY JACOBS *vs.* JOHN FOUSE.

June 14, 1876.

Guardianship—Jurisdiction of Probate Court.—In ¿ 7, art. 6, of our constitution it is declared that "a probate court shall have jurisdiction over the estates of deceased persons, and persons under guardianship, but no other jurisdiction except as prescribed by this constitution." The word "estates" is used only with reference to deceased persons, so that the proper reading of the constitutional provision is that a probate court shall have jurisdiction over the estates of deceased persons, and over persons under guardianship, etc. The jurisdiction over persons under guardianship embraces jurisdiction over their affairs in general, including the management and disposition of their property.

Same—Extent of such Jurisdiction.—The constitutional provision quoted has the effect to invest the probate courts with a general jurisdiction over the subject of guardianship. To this end they possess authority to put persons under guardianship, jurisdiction over persons already under guardianship, and, so far as matters of guardianship are concerned, jurisdiction over persons who have been under guardianship; and it follows that they have jurisdiction to settle the accounts of the guardian of a minor ward after the ward becomes of age.

Same—Allowance of Guardian's Account—Notice.—Before a guardian's account is allowed, notice, personal or by publication, is required to be given, to all persons interested, of the time and place of examining and allowing the same. This notice, unless effectually waived, is jurisdictional. In the absence of such waiver or notice, a settlement and allowance of a guardian's account is void.

Same—Where and with Whom a Guardian must Account—Remedy in Case of Failure.—The proper place to seek for an accounting is in the probate court. The theory of the law of guardianship is that the guardian shall settle with the judge of probate, or with the ward, if of full age, or with his legal representatives, and, upon settlement, pay over and deliver all the property in his hands belonging to the ward, including all moneys due; or that the ward shall have his action upon the guardian's bond for breach of the condition to settle and pay over and deliver.

Appeal by defendant from an order of the district court for Nicollet county, *Hanscome,* J., presiding, overruling a demurrer to the complaint. The substance of the complaint is stated in the opinion.

*Ladd & Stone,* for appellant.

*Cox & Gronlund,* for respondent.

BERRY, J.  In § 7, art. 6, of our constitution it is declared that "a probate court shall have jurisdiction over the estates of deceased persons, and persons under guardianship, but no other jurisdiction except as prescribed in this constitution." The word "estates" is used only with reference to deceased persons, so that the proper reading of the constitutional provision is that a probate court shall have jurisdiction over the estates of deceased persons, and over persons under guardianship, etc. The jurisdiction over persons under guardianship embraces jurisdiction over their affairs in general, including the management and disposition of their property.

As the jurisdiction conferred is over persons under guardianship, it is contended in the case at bar that, when the guardianship ceases, the jurisdiction ceases, so that it is not competent for a probate court to settle the account of the guardian of a minor ward after such ward has become of age. If the words "persons under guardianship" were to be understood in the strictly literal sense of persons under guardianship at the precise time when the jurisdiction is exercised, this result would appear to follow. But this construction would be impractically narrow. It would deprive the probate courts of large and important portions of the jurisdiction which, at the time of the adoption of the constitution and prior thereto, they possessed and exercised under the statutes passed in pursuance of the organic act, and which they have, without challenge, continued to exercise, down to the present time, under the same statutes, or others from time to time enacted. This construction would deprive the probate courts of power to appoint a guardian where none had been appointed, or one had been removed. It would deprive them of the power of authorizing a guardian's bond to be prosecuted, under Gen. St. c. 55, after a ward had reached majority. It would deprive them of the power to compel a guardian—a creature of their own appointment —to settle his account after the ward had become of age;

and—what is perhaps equally or more important—it would, after the same event, deprive the guardian of the privilege of making a final settlement of his accounts in the court by which he was appointed, and under the direction of which he had acted. Indeed, unless possibly by some proceeding in chancery, the guardian would be unable to effect a settlement at all, after his ward had become of age, except at the latter's pleasure. It is not necessary to multiply instances of other inconveniences and hardships which would follow from the construction suggested. We do not think such is the proper construction of the constitutional provision, or that it was intended to have any such effect. If it was, the course of legislation upon the powers and duties of probate courts and the uniform practice of the eighteen years which have elapsed since the adoption of the constitution, are simply unaccountable.

In our opinion, it is the design and effect of the constitutional provision under consideration to invest the probate courts with a general jurisdiction over the subject of guardianship. To this end they possess authority to put persons under guardianship, jurisdiction over persons already under guardianship, and, so far as matters of guardianship are concerned, jurisdiction over persons who have been under guardianship. From this construction of the constitution, as applied to the case at bar, it follows that a probate court has jurisdiction to settle the account of the guardian of a minor ward after the ward has become of age. See *Woodbury* v. *Hammond*, 54 Me. 332, 344.

The present appeal is taken from an order overruling a demurrer to the complaint. The complaint alleges the appointment, by the probate court of Nicollet county, of the defendant as the guardian of plaintiff, then a minor; that, after plaintiff came of age, defendant presented to said probate court a false and fraudulent account of his guardianship, showing that no money belonging to plaintiff remained in his hands, and caused the same to be settled and allowed

by said court, and himself to be finally discharged as guardian ; that, in truth and in fact, the defendant, at the time of said fraudulent settlement, had in his hands $751.42 belonging to the plaintiff as his ward, which he has converted to his own use. The complaint further alleges that the fraudulent account was rendered by defendant, "without giving, or causing to be given, any notice whatever to this plaintiff, and that though she was then of age, of which fact the said defendant then and there had notice ;" and that the rendition of the accounts, and the allowance and settlement thereof, and the defendant's discharge, were all without the knowledge of the plaintiff.

By Gen. St. c. 59, § 18, and c. 54, § 14, it is provided, in effect, that, before a guardian's account is allowed, notice, personal or by publication, as the court may direct, shall be given to all persons interested, of the time and place of examining and allowing the same. This notice, unless effectually waived, is jurisdictional. *Wood* v. *Myrick,* 16 Minn. 494. As no waiver appears in this case, the want of the notice required rendered the settlement and allowance of defendant's accounts void. There is no reason, then, why the defendant may not now be cited into the probate court, and compelled to settle his accounts.

The relief prayed for in the plaintiff's complaint is that the allowance and settlement of the said account, and the defendant's discharge, be set aside and declared null and void ; that defendant account for the money and interest in his hands belonging to the plaintiff, and judgment for whatever sum shall be found due. From the views before expressed it follows that there is no necessity, in any event, for setting aside the allowance and settlement of the account, or the defendant's discharge. As to a future accounting, the proper place to seek it is in the probate court. That tribunal having already acquired, and still retaining, jurisdiction of the guardianship for the purpose of settling the guardian's account, a familiar rule of law

requires that it should be permitted to proceed, and that its jurisdiction should not be interfered with by another tribunal. As to whether, irrespective of this rule, it would be competent for a district court to grant the relief prayed for in the complaint, we have no occasion to express an opinion in this case.

If the plaintiff's counsel had anticipated the present aspect of this case, he might possibly have claimed that, irrespective of any accounting or neglect to account, the defendant would be liable to the plaintiff for this conversion of her money. But this is not in accordance with the theory of the law of guardianship. That theory manifestly is that the guardian shall settle with the judge of probate, or with the ward, if of full age, or with his legal representatives, and, upon settlement, pay over and deliver all the property in his hands belonging to the ward, including all moneys due, or that the ward shall have his action upon the guardian's bond for the breach of the condition to settle and pay over and deliver. Gen. St. *c.* 59, § 17. If a case should occur in which the guardian refused to bring in his account and make settlement of the same, and in which there was no remedy upon a bond, (either for want of such bond or otherwise,) we are not to be understood as determining that the ward could not come into the district court for a remedy.

Order reversed.