In the Matter of the Guardianship of LYMAN N. HAUSE, a Spendthrift.

June 9, 1884.

**Guardian of Spendthrift—Accounting—Opposition by Creditors.**—A creditor of a spendthrift, under guardianship, has a right to be heard in the matter of allowing the guardian's account, and, if aggrieved, has a right to appeal from the judgment of the probate court upon such accounting. No previous allowance of his claim by the probate judge or by commissioners is required, in order to give him the *status* of creditor.

**Probate Court—Appeal—Service by Publication.**—Where a party has not appeared in the probate court, he can only appeal when he "had not due notice or opportunity to be heard." Gen. St. 1878, *c*. 49. § 14. "Opportunity" here means such opportunity as the party is entitled to by law. Want of opportunity is some act or omission in the proceedings which denies or abridges the party's legal rights. Hence the mere fact that notice duly served by publication did not convey *actual* notice to a party, does not amount to a want of opportunity, within the meaning of the statute.

On February 28, 1880, Charles H. Woods was, by the probate court of Hennepin county, appointed guardian of Lyman N. Hause, a spendthrift. On August 27, 1883, he filed his final account, showing $1,544.69 received and $1,569.81 expended, with a petition for its allowance. The petition was ordered to be heard September 24, 1883, and a citation to all persons interested was ordered to be served by two weeks' publication. This was done, and on the day named, the petition was heard, and the account examined, adjusted and allowed as filed, no one appearing to oppose. On November 25, 1883, Thomas Canty and R. H. Day, claiming to be creditors of the spendthrift, served and filed notice of appeal on questions of law and fact, and filed a recognizance on appeal, and an affidavit setting forth the particulars of their demand, and stating that no service of the citation was made except by publication, and that they had no other notice of the hearing and no opportunity to be heard, and had heard nothing of the proceeding until September 28th, and were aggrieved by the judgment. Return was made to the district court, and the

appeal came on to be heard before *Koon, J.*, and on the respondent's motion a dismissal was ordered, from which order an appeal was taken to this court.

*Thomas Canty* and *R. H. Day*, appellants, *pro se.*

*Woods & Hahn*, for respondent.

MITCHELL, J.    Every guardian, if he have assets, is required to pay all just debts of his ward.   Gen. St. 1878, *c.* 59, § 29.   If he refuse, an action will lie upon the guardianship bond; at least, where the debt has been first ascertained by a judgment against the ward. *Conant* v. *Kendall*, 21 Pick. 36; *Cole* v. *Eaton*, 8 Cush. 587.   In such an action the order or judgment of the probate court, upon an accounting by the guardian, would be conclusive as to whether he had assets in his hands, and the amount of them.   We are, therefore, of opinion that a creditor of a ward is entitled to be heard in the matter of allowing the guardian's account, and, if aggrieved, has a right of appeal from the judgment of the probate court upon such accounting.

The statute does not provide for an allowance of claims against spendthrifts under guardianship, as in the cases of claims against the estates of deceased persons, or against insane persons under guardianship.   No previous allowance of such a claim by the probate judge or commissioners is necessary to give the holder the *status* of a creditor.   Hence, the records of the court need not, and would not, show who were creditors.

The only remaining question is whether the appellants brought themselves within the other provisions of Gen. St. 1878, *c.* 49, § 14, which read as follows: "The appeal can only be taken by a party aggrieved who appeared and moved for or opposed the order or judgment appealed from, or who, being entitled to be heard thereon, had not due notice or opportunity to be heard; the latter fact to be shown by affidavit, and filed and served with the notice."   The appellants did not appear in the court below.   They had "due notice;" that is, the notice which the law authorizes, and which the court ordered, to wit, by publication once a week for two successive weeks in the Minneapolis Daily Tribune.   Therefore, they have no right of appeal under either of these heads.   They, however, claim this right upon the

ground that they had no *opportunity* to be heard in the court below. This they rest solely upon the fact that they had no *actual* notice of the hearing, the published notice not having come to their personal knowledge until after the order was granted. We do not think this amounts to a want of "opportunity to be heard," within the meaning of the statute. "Opportunity" means a fit or convenient time; a time favorable for the purpose; a convenience or fitness of time and place, etc. Webst. Dict. If a fit and proper time and place have been fixed, and notice thereof given which the law declares sufficient,—in short, if all the opportunity is given which the law provides for,—it cannot be said, in any legal sense, that a party had no opportunity to be heard. It seems to us that want of "opportunity to be heard," like the want of "due notice," refers only to some act or omission in the proceedings which has deprived the party of his full legal rights in the premises; that is, that the opportunity here referred to is such as the party is entitled to by law. The right of appeal under the second clause of this section seems to be made to rest upon the fact that the party's *legal* right to be heard in the court below has been abridged or taken away. We are strengthened in this view by the fact that relief against surprise, or excusable inadvertence or neglect, is otherwise provided for by the power vested in the probate court in such cases upon proper showing to vacate its order. This power is clearly implied in the sixth subdivision of the preceding section, (13.) Therefore, if a party has suffered a default because the published notice did not come to his knowledge, or if, from accident or other circumstance, he was prevented from being present at the hearing, his remedy would be to apply to the probate court for relief, and not by appeal.

Order affirmed.