MARY C. PEEL *vs.* MARY McCARTHY, Administratrix.

May 29, 1888.

Guardian and Ward—Accounting—Death of Guardian—Probate Jurisdiction.—A guardian of an infant having died without having rendered an account of his guardianship to the probate court which had appointed him, that court had jurisdiction to require the personal representative of the deceased to appear and render an account in respect to moneys of the ward which had been received by the guardian.

Appeal by defendant from a judgment of the district court for Ramsey county, *Simons,* J., presiding, affirming a judgment of the probate court.

*John D. O'Brien,* for appellant, cited *Jacobs* v. *Fouse,* 23 Minn. 51.

*John W. Willis,* for respondent.

DICKINSON, J. In or prior to 1868, Jeremiah McCarthy was, by the probate court of Dakota county, appointed guardian of an infant, Mary Connors. In that year, as such guardian, and under license from that court, he sold certain real estate of the infant, and received the price of it, $902.89. This sale was never reported to nor confirmed by the court; but the former ward (now Mary C. Peel) affirmed the sale, and sought to recover the price so paid to her former guardian, which he had never paid over or accounted for to the probate court. In August, 1885, Mary C. Peel filed her petition to the

probate court for an accounting by the guardian in respect to this matter. In September, 1885, McCarthy died, being then a resident of Ramsey county; and by the probate court of that county this appellant was appointed administratrix of his estate. Thereafter the administratrix was, by order of the probate court of Dakota county, after notice, substituted in place of the deceased guardian in such proceedings for an accounting. After this the probate court of Dakota county issued its order or citation to the administratrix, commanding her, as such administratrix, to appear before that court to show cause why she should not make report to that court of the sale before referred to, and why she should not account and pay over to the petitioner the proceeds of the sale, and why the prayer of the petition should not be granted. After service of this citation, the administratrix did not appear or show cause as commanded, and, after hearing proofs on the part of the petitioner, the court found the allegations of the petition to be true; that the estate of the deceased was indebted to the petitioner in the sum of $902.89, with interest from the time of such sale; and it was adjudged that the administratrix pay the same. Thereafter, in proceedings in the probate court of Ramsey county in the same year, (1886,) after a hearing upon the question of allowing this claim of Mary C. Peel as a debt against the estate, the claim was allowed by the probate court, and a judgment was rendered for the recovery of the same, and directing payment thereof to be made by the administratrix in the course of the administration of the estate. The administratrix appealed to the district court, where the judgment of the probate court was affirmed, from which latter judgment she then appealed to this court. The only ground upon which the appellant relies is that the probate court of Dakota county had not jurisdiction to enter judgment against the administratrix in the guardianship proceedings, and hence that its determination of the liability of the administratrix was a nullity, and constituted no foundation for the adjudication of the probate court of Ramsey county.

We are of the opinion that the probate court of Dakota county had authority to call upon the administratrix of the deceased guardian's estate to account for the moneys of the ward received by the

guardian in his life-time, and to declare her liability in respect to the same. *Kittredge* v. *Betton*, 14 N. H. 401; *Gregg* v. *Gregg*, 15 N. H. 190; *Woodbury* v. *Hammond*, 54 Me. 332; *Waterman* v. *Wright*, 36 Vt. 164. We do not discover in our statute any express provision upon the point in question. It is, however, manifestly contemplated that the accounts of guardians shall be rendered to the probate court by which they have been appointed, and whose authority to direct and control their conduct and to settle their accounts is explicitly declared by statute. Gen. St. 1878, *c.* 49, § 3. The prescribed conditions of a guardian's bond are, among other things, that he will render account within a stated time, and at such other times as the probate court shall direct; and that he will, at the expiration of his trust, settle his accounts with the judge of probate, or with the ward, and pay over, etc. Gen. St. 1878, *c.* 59, § 27. It is most consistent with the manifest purpose of the statute that, if a guardian dies without having rendered any account, his personal representatives may be required to account for property of the ward alleged to have been received by the guardian. If this cannot be done, the probate court, having full and exclusive jurisdiction concerning the guardianship, is powerless to require any accounting or settlement. Nor is there any apparent reason why the administratrix may not be thus required to account, except that which may be urged in respect to any alleged liability of the intestate; that is, the want of personal knowledge on her part concerning the matters in question. She has, however, presumably, in her possession all the means of information which are in existence,—in the accounts, vouchers, and other instruments or evidence relating to the guardianship which were in the possession of the guardian at the time of his death. She, if any one, can account for what has been received; and as the estate which is in her hands for administration is responsible for whatever property may have been received by the guardian, and not expended, it is most proper that she should account therefor to the court having jurisdiction concerning the guardianship.

Judgment affirmed.