GEORGE HORST ET AL. V. MCCORMICK HARVESTER MACHINE CO.

[FILED OCTOBER 14, 1890.]

1. Decedents' Estates: CLAIMS AGAINST: JURISDICTION. An action against heirs, devisees, or legatees to recover real or personal estate which has been received by them as distributees, of any estate which is liable for any debts under the tenth subdivision, or division of contingent claims, of sec. 267, chapter 23, Comp. Stats., is not an original action, but a special proceed for the enforcement and collection of a claim allowed or established in the county court. The district court of the proper county has jurisdiction of such proceedings.

2. ———: ———: LIMITATIONS. In a case where a claim against a decedent's estate was allowed in the county court, an appeal upon such allowance taken to the district court, by the administrator, the claim again allowed in the district court and certi-

fied back to the county court, *held*, that the one year's time limited for bringing an action or proceeding thereon under section 266 of chapter 23, Comp. Stats., commenced to run upon the entry of such certification in the county court.

ERROR to the district court for Polk county. Tried below before NORVAL, J.

*A. C. Montgomery*, for plaintiffs in error, cited: *Ball v. La Clair*, 17 Neb., 39.

*R. Wheeler, contra.*

COBB, CH. J.

This action was brought in the district court of Polk county for the purpose of establishing the lien of the plaintiff upon certain real estate, the property of W. B. Daydemude, deceased, which had been by the county court of said county distributed to and received by the heirs of said deceased and by them conveyed to other persons who were also made defendants.

The plaintiff's claim against the deceased, which was for agricultural machinery sold to him in his lifetime, was presented to the county court and by it allowed, whereupon the administratrix of the estate appealed the said case to the district court. Here the judgment of the county court was affirmed. The judgment was afterwards, on the 15th day of June, 1888, duly certified by the said district court to the said county court, and the administratrix of said estate was thereupon by the said county court ordered to pay the same out of any personal property or moneys belonging to said estate and in her hands. There was no money or other personal property belonging to said estate, and in the meantime, on the 30th day of March, 1886, upon hearing in the said district court for a partition of said estate amongst the heirs at law of said deceased, it was finally decreed that said defendants, Laura Labbart and Alice

Hanson, have as their share of said estate the south half of the southeast quarter of section 24, in township 15, of range 3 west, in Polk county, and that they, the said Laura Labbart and Alice Hanson, pay all just claims against said estate.

The foregoing is the cause of action as set out in the amended petition. There had been a petition which was demurred to, and the demurrer sustained. There was neither demurrer nor answer to the amended petition, which was taken as confessed by default, and upon evidence, judgment was rendered for the plaintiff for the sum of $144.07 and costs, which was made a lien upon the real estate above described.

The cause was brought to this court upon error. The following are the errors assigned :

"I. The cause of action is against heirs and their assignees, to recover under section 266, chapter 23, Compiled Statutes, and was not brought within one year from the time said action accrued.

"II. The court had no jurisdiction of the cause of action.

"III. The court erred in overruling the demurrer.

"IV. The court erred in entering judgment on the amended petition.

"V. The defendant in error had obtained judgment against Cornelia Daydemude, who is one of the plaintiffs in error, for this same cause of action, which said judgment is a bar to any further cause of action.

"VI. The amended petition of the plaintiff was not filed within thirty days from the 22d day of May, 1888, and the plaintiffs herein had no knowledge of the filing of said petition until after judgment was rendered thereon.

"VII. For errors of law appearing in this case."

There was no motion for a new trial, nor is there any bill of exceptions in the case. All of defendants being in default of an answer, we can only look to the amended

petition for the facts of the case.    If they are sufficient to constitute a cause of action, the judgment must be affirmed.

Plaintiff in error, in the brief of counsel, presents five points: First, that the county court, as a court of probate, having exclusive original jurisdiction of all matters of probate, settlements of estates of deceased persons, etc., the district court has no jurisdiction of this case.    The premises are true, but the conclusion is false.    This action is not an original one, as between the plaintiff and the estate of the deceased or his administrator, but is founded upon the judgment of the county court in the original proceeding therein, which, however, was for a time suspended by the appeal to the district court.

Section 266 of chapter 23 of Compiled Statutes provides that, "When the heirs, devisees, or legatees shall have received real or personal estate, and shall be liable for any debts, as mentioned in this subdivision, they shall be liable in proportion to the estate they may have respectively received; and the creditor may have any proper action or suit in law or equity, and shall have a right to recover his claim against a part or all of such heirs, devisees, or legatees to the amount of the estate they may have respectively received; but no such action shall be maintained unless commenced within one year from the time the claim shall be allowed or established."    In the case at bar, while the claim was, in one sense, "allowed or established" by the judgment of the county court, yet, as we have seen, such allowance or establishment was suspended by the appeal to the district court, and it only became operative upon being affirmed in the latter court, and certified back. This appears by the record to have been done on or before the 25th day of June, 1888, but it does not definitely appear when the same was done.    From the amended petition it appears that the claim was allowed in the county court on the 24th day of May, 1886.    That the case was appealed to the district court, where it was heard on the 11th day

36

of March, 18×5, but it does not appear when the decision or judgment of said court was rendered thereon. But it does appear that the administratrix gave notice of appeal to the supreme court, but that no such appeal was ever perfected. It also appears from the amended petition that the said judgment was certified back to the county court on the 15th day of June, 1888. The summons in the case at bar was issued and bears date on the 14th day of March, 1888, so that if it appeared that judgment was rendered in the case on the same day that the hearing was had in the district court, and it were held that the one year limitation of the statute above cited commenced to run at the date of the judgment, it would have expired the day before the one upon which the suit was commenced. But it does not appear, nor is there any presumption, that the judgment was rendered on the same day of the hearing in the district court; nor do I think that the one year limitation commences to run from the date of the judgment in that court, but from the time when the record of the case in the county court would prove the fact that the claim was allowed or established.

The point that the action was prematurely brought is not made. Had it been, it would have been an embarrassing one.

The only judgment which appears to have been rendered in favor of the plaintiff against Cornelia Daydemude was the order of the county court made upon the certificate of the allowance or establishment of the said claim by the district court. This was no bar to the suit now being considered; on the contrary, it is the foundation and cause of action upon which this suit is based. It does not appear that any demurrer to the amended petition was overruled, or even presented. It does not appear that the plaintiff was limited to thirty days in which to file an amended petition. The same must therefore be presumed to have been filed in time.

There being no bill of exceptions, of course no errors of law occurring at the trial appear in the case. The judgment of the district court is

AFFIRMED.

MAXWELL, J., concurs.

NORVAL, J., having tried the cause in the district court, did not sit.