O'Connor, Respondent, vs. Decker, Appellant.

*January 14 — February 2, 1897.*

*Guardian's liability for funds lost: Judgment of county court conclusive.*

1. The direction of the county court upon the settlement of the accounts of a guardian has the force and effect of a judgment, and is conclusive of the rights of the parties. It bars any defense by the guardian to a subsequent action for the amount ordered by the court to be paid to the ward upon such settlement.

2. A guardian who deposits the trust funds in a bank must, if he wishes to protect himself from loss by a failure of the bank, make such deposit as of trust funds of the specific trust to which they belong. It is not sufficient that he take for them a certificate of deposit in his name with the abbreviation "Guar." following it, that not being equivalent to the word guardian, nor does it show for what ward the deposit is made by him as guardian.

O'Connor vs. Decker.

APPEAL from a judgment of the circuit court for Green Lake county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

Action for a balance due from a guardian on settlement of his account.

The plaintiff became insane. She had a little property, and the defendant was made her guardian. He deposited some of her money, temporarily, in a bank, and took a certificate in the following words:

"Berlin, Wis., Apr. 19, 1890.

*Thos. E. Decker*, Guar., has deposited in this bank three hundred dollars, payable to the order of himself in current funds on the return of this certificate properly indorsed.

"C. A. MATHER AND Co."

The bank failed. The plaintiff recovered her sanity. There was a settlement with the guardian, and he was discharged. There was found due from him on such settlement, to the plaintiff, the sum of $572.74. The county court directed him "to pay over to her [the plaintiff] all property in his hands belonging to her, which amount appears by his final settlement to be $572.74." He paid over all but the amount of the certificate of deposit, which he tendered, and she refused to take. This action was brought to recover the balance of the sum found due. The defense was the deposit and consequent loss of the money. There was no controversy about the facts. The court directed a verdict for the plaintiff for $300 and interest. From a judgment on that verdict, the defendant appeals.

For the appellant the case was submitted on a brief by *Perry Niskern.* To the point that, if the trustee pays trust moneys to a banker as belonging to the trust estate, and the banker fails, the trustee is not liable, he cited *School District v. First Nat. Bank*, 102 Mass. 174; *Litchfield v. White*, 7 N. Y. 438, and cases cited by the court.

For the respondent there was a brief by *Felker, Stewart & Felker*, and oral argument by *F. C. Stewart.*

O'Connor vs. Decker.

NEWMAN, J.   No doubt, the direction of the county court upon the settlement of the accounts of the guardianship has the force and effect of a judgment, and is conclusive of the rights of the parties, for the judgment of a county court as to matters within its jurisdiction is as conclusive and final as the judgment of any other court. *Barker v. Barker*, 14 Wis. 131, 147; *Brook v. Chappell*, 34 Wis. 405; *Appeal of Schæffner*, 41 Wis. 260. So, the defense was already concluded by that judgment, and not open to the defendant in the action.

But it would seem that the judgment is right upon the merits. It is well settled that a trustee who deposits the trust funds in a bank, if he would protect himself from loss by a failure of the bank, must make the deposit as of trust funds, and not as his own. He must be diligent to distinguish them as trust funds. It is said: "The deposit must wear the impress of the trust, or he cannot, when brought to account, call it 'trust property.'" It must be expressed in terms unequivocal, and not to be misunderstood, "that they are the funds of the specific trust to which they belong." The credit must be to him *as trustee.* "If he neglects any of these precautions, he will be responsible for any loss." *Williams v. Williams*, 55 Wis. 300. It is not enough to inform the bank that the money is trust funds, even though he acts in entire good faith. *Booth v. Wilkinson*, 78 Wis. 652. So great strictness has been found necessary for the protection of trust estates. The trouble with the defendant's certificate of deposit is that it does not bear upon its face the impress of the equitable ownership of the fund. It does not show whose money was deposited. It should, at least, have shown that the money was deposited by the defendant *as* guardian of the plaintiff. The letters "*Guar*," which follow the defendant's name in the certificate, are no recognized abbreviation, and cannot be the legal equivalent of the word *guardian.* And, even with that aid, it would come short of

showing that the deposit was made in his office *as guardian of the plaintiff*.

*By the Court.*— The judgment of the circuit court is affirmed.