FRANK W. CROSS v. SHUBAEL F. WHITE and Others.[1]

July 10, 1900.

Nos. 12,161—(193).

## Settlement of Guardian's Account by Probate Court Conclusive on Guardian's Sureties.

The order and determination of the probate court as to the amount due from a guardian to his ward, made after due notice to the guardian, is final and conclusive upon the sureties on the guardian's bond in an action against them thereon. Jacobson v. Anderson, 72 Minn. 426, followed.

Action in the district court for St. Louis county to recover $5,-862.21 on a bond executed by defendant White as plaintiff's guardian and by defendants Norris and McDonnell as sureties. The case was tried before Moer, J., who found in favor of plaintiff. From an order denying a motion for a new trial, defendants Norris and McDonnell appealed. Affirmed.

J. L. Washburn and W. D. Bailey, for appellants.

Schmidt, Reynolds & Mitchell, for respondent.

BROWN, J.

Appeal by defendants from an order denying their motion for a new trial. The facts are short. On January 15, 1894, defendant White was duly appointed guardian of the estate and property of plaintiff, who was then a minor, and thereafter duly qualified as such, and entered upon the discharge of his duties. To secure the faithful discharge of his duty, he duly executed to the probate court of St. Louis county the usual bond, which the defendants Norris and McDonnell signed and executed as sureties. The bond is in the usual form of such instruments, and is similar to that construed in the case of Jacobson v. Anderson, 72 Minn. 426, 75 N. W. 607. As such guardian, said White received large sums of money, which he invested for his ward in real-estate mortgages. It appears from the record, though it is not important, that by reason of the depreciation of real-estate values White was unable to realize from

[1] Reported in 83 N. W. 393.

his investments sufficient to discharge his indebtedness to the ward, and neglected to do so. On March 20, 1899, he was duly cited by the probate court, and required to make an accounting as such guardian, and to pay over to plaintiff, his ward, all money due him. He appeared before said probate court in response to such citation, and duly filed his account. After due hearing in the matter, the probate court duly adjudged and determined that White was indebted to plaintiff, his said ward, in the sum of $5,862.21, and ordered and required that he pay the same to plaintiff. This he failed to do, and plaintiff, who has arrived at majority, brought this action upon said bond, and against defendants Norris and McDonnell as sureties thereon.

The only question in the case is whether the order and determination of the probate court is final and conclusive against the sureties on the guardian's bond. The question came before this court in Jacobson v. Anderson, supra, and such determination was there held conclusive. The decision is in line with the trend of authorities generally, and no reason occurs to us why we should depart from it. A distinction is made by the authorities between bonds given by sheriffs and those given by guardians and administrators. Brandt, Sur. §§ 530–533; Beauchaine v. McKinnon, 55 Minn. 318, 56 N. W. 1065. The other questions argued by counsel are not within any issue raised by the pleadings, and cannot be considered.

Order affirmed.