FLORA HENDRI v. D. M. SABIN.[1]

May 2, 1902.

Nos. 12,909—(71).

Guardian's Account.

The evidence sustains the findings and conclusions of law of the trial court herein as to the guardian's account.

Proceedings in the probate court for Washington county for an accounting by defendant D. M. Sabin, as guardian of plaintiff. From the order and decree of the probate court by which there was found due from defendant the sum of $5,200 and payment of that sum to plaintiff directed, defendant appealed to the district court for said county. The case was tried before Williston, J., who found in favor of plaintiff for the sum of $4,497.88. From an order denying a motion for a new trial, defendant appealed. Affirmed.

1 Reported in 90 N. W. 159.

*Davis, Kellogg & Severance*, for appellant.

*J. N. Searles*, for respondent.

START, C. J.

The appellant, D. M. Sabin, on May 18, 1876, was appointed by the probate court of the county of Washington guardian of the respondent, Flora Hendri, then a minor. On May 23, 1877, that court made its order settling the guardian's account for the previous year, whereby it was adjudged that certain real estate, which was described in the order, and also money and notes amounting to the sum of $4,709.18, then in the hands of the guardian, be assigned to the ward, subject to the right of dower of the ward's mother in and to the real and personal property described in the order. On June 12, 1877, the court made a further order in the matter of such guardianship directing the guardian to pay to the mother annually $157, as dower, and $200 annually for the support of the ward, such payments to be made from the interest realized from the $4,709.18, so in the hands of the guardian. The ward became of age June 22, 1889. In June, 1900, she instituted proceedings in the probate court for an accounting by her former guardian, and that court, April 6, 1901, made its order, whereby it was adjudged that her guardian was indebted to her in the sum of $5,200. The guardian appealed from that order to the district court. The trial of the matter in the district court resulted in findings of fact and conclusions of law to the effect that the guardian was indebted to his ward in the sum of $4,497.88, and from an order denying his motion for a new trial he appeals to this court.

The first three assignments of error raise the question that the trial court erred in disallowing three credit items in the guardian's account of $400 and $100 and $50, respectively. We have examined the evidence as to these items, and find that it is insufficient to warrant the allowance of any of them. The most that can be claimed for the evidence is that the payments were made, after the ward became of age, to the stepfather of the ward; but, taking the most favorable and equitable view of it permissible for the appellant, it does not justify the conclusion that they were made or used for the benefit of the ward, or directly or indirectly authorized or ratified by her.

The only other assignment of error meriting consideration is that the court erred in holding the appellant accountable to his ward for the total sum which came to his hands, without making any allowance for the dower interest of her mother therein; that the court should have ascertained the value of the mother's interest therein, and deducted it from such total sum, and charged to the guardian only the balance. The effect of the orders of the probate court of May 23 and June 12, 1877, was to assign to the ward the whole fund, charged with a life annuity of $157, payable to her mother. The guardian held this entire fund for the ward until she became of age, and for her it was his duty to pay the $157 each year to her mother until his ward reached her majority; then promptly to settle his account, and turn over the balance of the fund to her. It was only as her guardian and as her representative that he received and held the fund, and only in such representative capacity was he chargeable with the payment of the annuity. He was credited in his account with all payments made to her mother pursuant to the order. His authority to longer hold the fund having been terminated, he is bound to turn it over, with the net accumulations, to his principal, his former ward. When she receives the fund, she will hold it subject to all the rights and equities of her mother therein, which are to be enforced and conserved by the mother, and not by him. The court did not err in not crediting the guardian with the interest of the mother in the fund.

Order affirmed.