G. E. HOLDEN v. ORLANDO B. TURRELL and Others.[1]

May 16, 1902.

Nos. 12,924—(65).

**Statute of Limitations—Action against Heir for Debt of Ancestor.**

The statute of limitations described in the latter part of section 5927,
G. S. 1894, is not set in motion in favor of an heir, devisee, or legatee
by the allowance and establishment of a claim or account against a
guardian upon whose bond his decedent was a surety.

Action in the district court for Redwood county, to recover from
defendants Howard N. Honner and others, heirs of John S. G.
Honner, deceased, $446.41 on the official bond of defendant Orlando
B. Turrell as guardian of plaintiff, upon which bond decedent was
a surety. From an order, Webber, J., overruling a demurrer to
the complaint, defendant Howard N. Honner appealed. Affirmed.

*Bowers & Howard* and *H. D. Baldwin*, for appellant.

*J. A. Sawyer*, for respondent.

COLLINS, J.

Appeal from an order overruling a demurrer to the complaint
on the ground that it failed to state facts sufficient to constitute
a cause of action, the particular point being that it appeared from
the face thereof that the cause, as alleged, was barred by the last
sentence or provision of section 5927, G. S. 1894.

A concise statement of the main facts as set out in the complaint
seems necessary. The plaintiff was a minor resident of this state
on August 29, 1877. On that date one Turrell was duly appointed
as his guardian by the proper probate court, and thereupon exe-
cuted a bond in the usual form, with one Honner as one of the
sureties. This bond was duly approved, and Turrell entered upon
the discharge of his duties as such guardian. The plaintiff having
become of age, Turrell filed his account in the probate court, July
27, 1896, from which it appeared that the sum of $634 was then
due from him on account of plaintiff's estate, and this account was

[1] Reported in 90 N. W. 395.

duly approved and allowed. The claim which plaintiff held against his guardian, previously contingent, then became certain and definite. Several small sums were afterwards paid to plaintiff by Turrell. February 1, 1898, he was cited to appear in the probate court, and it there found that the balance due and unpaid on account was the sum of $446.41, with interest, and plaintiff was given leave to sue upon the bond. It also appeared from the complaint that Honner died intestate in 1888, a resident of Minnesota; that proceedings were duly had in probate court in administration of his estate; and a final decree was entered in said proceedings on September 9, 1895, whereby a large amount of real estate was transferred and assigned to his heirs, these defendants other than Turrell, the value of which was largely in excess of the amount due plaintiff on the guardianship account. As will have been noticed, this was nearly one year prior to the day Turrell's account as guardian was filed and approved. This action was commenced in June, 1901, and, as before stated, the contention is that from the face of the complaint it conclusively appears that, as it was not commenced within one year from July 27, 1896, recovery is barred by what may be called the "short" statute of limitations before mentioned, which provides that "no action shall be maintained unless commenced within one year from the time the claim is allowed or established."

It is a construction of this sentence which is involved, and this is not an easy task, for difficulties are met when holding that it has no application here, as was the view of the court below, and also when attempting to construe it as urged by defendant's counsel. We confess that it is of doubtful meaning, and that it is not clear just what was intended by the use of the word "claim." Does this mean a claim which may be allowed or established in some proceeding in another court, or a claim allowed or established in another proceeding in the probate court, or has it reference solely to a claim allowed and established against the estate of the decedent whose property has passed into the hands of his heirs, devisees, or legatees, in spite of the existence of a demand which should have been paid in administration? Plaintiff's claim against Turrell was allowed and established July 27, 1896. It was

conclusively adjudicated, as against him and his sureties, that he owed the plaintiff on account of his guardianship the sum of $634. As to all of the parties to that bond the amount due was res adjudicata. Jacobson v. Anderson, 72 Minn. 426, 75 N. W. 607; Cross v. White, 80 Minn. 413, 83 N. W. 393. Of course it was necessary, before a claim against Honner or his estate could be either allowed or established or enforced, to show that the bond was in proper form, and created a liability, in case of a breach, and also to show that Honner was, in fact, a surety, and remained liable as such. If the allowed or established claim which would start the statute in motion was that adjudicated in July, 1896, the demurrer should have been sustained. If it was not that claim, but another, then the statute has no application, and the court below was right.

Counsel have not been able to present a case in point, nor have we succeeded in finding an authority which covers it directly. In Horst v. McCormick, 30 Neb. 558, 46 N. W. 717, it seems to have been assumed, with the same statute in force, that the "claim" to be allowed and established was one against the decedent whose estate was being followed, and not elsewhere, or in some distinct proceeding. The point now before us was not raised. The section wherein appears this short statute of limitations is first found in our legislation in territorial days. R. S. 1851, c. 57, § 53. It was copied from Wisconsin, and originated in Michigan, but instead of the language, "liable for any debts under the provisions of the law," which now precedes the limitation clause, the words were, "liable for any debts as mentioned in this chapter." The change was made in the Revision of 1866, c. 77, § 16, when the section was transferred from chapter 53 to chapter 77, relating to actions by and against executors, administrators, and heirs,—a transfer noted in Bryant v. Livermore, 20 Minn. 271 (313). In Markell v. Ray, 75 Minn. 138, 77 N. W. 788, the limitation clause was considered, and held not applicable to the case then pending. It was said in passing, "In what court, or in what manner, this section contemplates that the claim shall be allowed or established we need not consider." It has never been construed, although also referred to in Oswald v. Pillsbury, 61 Minn. 520, 63 N. W. 1072, and in Lake

Phalen Land & Imp. Co. v. Lindeke, 66 Minn. 209, 211, 68 N. W. 974. The above quotation from the Markell case indicates that there was then doubt in our minds as to what construction should be put upon this clause, and the difficulty has not been wholly removed by the arguments of counsel herein. But we are of the opinion that it is not pertinent to the facts of the case at bar. It cannot be held to be applicable to the ward's claim against his guardian, which is allowed and established when the latter files his report or account and the same is approved, and which, in this particular case, became fixed and certain in amount on July 27, 1896.

While we here have a case in which the decree of distribution of the estate of the surety was made almost one year prior to the accounting by the guardian, we can easily imagine one where the decree assigning the estate is not, and cannot be, made until after the expiration of the year subsequent to the allowance and establishment of the claim against the guardian. In any given case the heirs at law could easily delay the making of a final decree assigning the estate to them until after the expiration of the statutory period. Thus it would be wholly within the power of heirs to bar the bringing of an action to determine their liability upon a contingent claim, as this was, until the statute runs and the right is lost; for a claimant could not inject himself into the probate proceedings for the purpose of compelling an early and seasonable distribution of the property. It is obvious that the statute ought not to be construed so as to put it wholly within the power of heirs, devisees, or legatees to prevent the enforcement of a proper claim against them, based upon the fact that they have received property from a deceased person which, in justice, should have been appropriated to the payment of a demand against him.

We are not required in this case to decide what claims are referred to or covered by the statute. It may be that claims against persons who have deceased pending litigation which has been successfully continued against their personal representatives are contemplated. It may refer to claims against an estate which have been presented in the course of the probate proceedings,

allowed, and established, but for some reason not paid in the due course of administration. We decline to say which, and simply hold here that the allowance of a guardian's account, and the establishment of a claim against him arising out of his guardianship, does not set the statute of limitations, found in section 5927, in motion, in favor of the sureties upon his bond.

Order affirmed.