# HENRY TRAPP v. LOUIS TRAPP.[1]

February 20, 1931.

No. 28,164.

C. S. Lowell, for appellant.

John C. Zehnder and W. H. & H. W. Gillitt, for respondent.

[1]Reported in 235 N. W. 29.

OLSEN, J.

Plaintiff was the guardian of the person and estate of his father, William Trapp. The father died in February, 1928. Shortly thereafter plaintiff presented to the probate court his final account as guardian. A hearing thereon was had and the account settled and allowed by an order of that court. In that account the plaintiff took credit for and was allowed $50 for "personal services and expense of guardian." What this item included is not otherwise shown. Administration proceedings on the father's estate were pending in the same probate court at the time the guardian's account was settled. Thereafter the plaintiff filed a claim in the probate court against the father's estate "to care and special services rendered" to the father from November 28, 1922, up to the time of his death, in the sum of $2,000. The probate court allowed the claim. Appeal was taken to the district court, a trial had, and a verdict for $1,500 in plaintiff's favor returned. Defendant, the administrator of the father's estate, moved for judgment notwithstanding the verdict or a new trial. The court granted the motion for judgment, and from that order plaintiff appeals. The trial court ordered judgment for the defendant on the ground that the plaintiff was concluded and barred from recovery by the guardian's final account and order of the probate court settling same.

In his argument here plaintiff's counsel states that the question presented is whether plaintiff's action is barred by the order settling his final account.

The probate court is a court of record and of superior jurisdiction over the estates of deceased persons and persons under guardianship. State constitution, art. 6, § 7. Its orders and judgments are not subject to collateral attack. Cross v. White, 80 Minn. 413, 83 N. W. 393, 81 A. S. R. 267; Amundson v. Hanson, 150 Minn. 287, 185 N. W. 252; Lyngen v. Tessum, 169 Minn. 304, 211 N. W. 314; Rucker v. Kelley, 63 Ind. App. 645, 113 N. E. 759; Commonwealth v. Moltz, 10 Pa. 527, 51 Am. D. 499.

The order settling the account operates as an account stated between the guardian and the ward. Whitfield v. Burrell, 54 Tex. Civ. App. 567, 118 S. W. 153.

Where claims for services rendered by the guardian to his ward or by the ward to the guardian are omitted from the final account, the settlement of the account is nevertheless final and not subject to collateral attack. Ackermann v. Haumueller, 148 Mo. App. 400, 427, 128 S. W. 51, 56.

A guardian in his final account may take credit for and be allowed compensation for services rendered to the ward prior to his appointment as guardian as well as during the guardianship. In re Besondy, 32 Minn. 385, 20 N. W. 366, 50 Am. R. 579.

A final settlement of a guardian's account cannot be attacked on the ground that no allowance was made to the guardian for his services. Reed v. Lane, 96 Iowa, 454, 65 N. W. 380.

While the guardianship proceeding and the administration of the ward's estate after his death were in the same probate court, the claim here presented in the matter of the estate of the deceased ward is nevertheless a collateral attack upon the order settling the guardian's final account. If the verdict here shall stand, we will have one judgment fixing the compensation of the guardian for his services at $50, and another judgment fixing his compensation at $1,500 additional. The guardian had funds in his hands. He should have presented his claim for services in his final account.

By motion to reopen or vacate the order settling the guardian's account, or other direct attack, that order could be reopened or vacated for fraud or mistake. It was not otherwise subject to attack. An offer to prove an understanding or agreement by the parties, that plaintiff's claim need not be included in the guardian's account, was properly excluded. Such proof would be permissible only in a direct attack on the order.

The case of Matthews v. Mires, 135 Minn. 94, 160 N. W. 187, L. R. A. 1917B, 676, cited by plaintiff, is not here in point. The claim there considered was not in favor of or presented by the guardian. Under our statutes a third party having a claim against a ward, while he may present such claim to the guardian for payment, is not barred from presenting it against the ward's estate if

540

the claim has not been presented and settled in the guardianship proceeding.

Order affirmed.