## JAMES H. WINJUM v. CLARENCE JESTEN.[1]

March 29, 1934.

No. 29,857.

[1]Reported in 253 N. W. 881.

*M. J. Hegland,* for appellant.
*Christian G. Dosland,* for respondent.

*I. M. OLSEN, Justice.*

Plaintiff appeals from an order denying his motion for a new trial. There was included in the motion a motion for amended findings of fact and conclusions of law, which was likewise denied. The case was tried to the court without a jury on the pleadings and a stipulation of facts.

The brief facts are in substance: One Halvor H. Knutson, an incompetent person, was for some 21 years and until his death under guardianship. Ole J. Winjum was his guardian. The guardianship proceedings were brought and carried on in the probate court of Roseau county. Knutson died September 26, 1932, in Clay county. His guardian, shortly thereafter, filed his final account in the probate court of Roseau county. The probate court had a hearing on said final account on November 5, 1932, and by its order made on that date settled the account and made its final order thereon, finding that there remained in the hands of the guardian the sum of $395.44 in cash and no other property. The court ordered and directed the guardian to turn over and deliver said sum to the representative of the estate of Knutson. The guardian, Ole J. Winjum, died November 29, 1932, before any administrator had been appointed for the estate of Knutson and before the $395.44 had been or could have been delivered to such representative, as ordered by the probate court. Promptly after the death of Ole J. Winjum, the guardian, this plaintiff was appointed administrator of his estate. At the time Ole J. Winjum died he had on hand, on deposit in his name as guardian of Halvor H. Knutson, in the State

Bank of Hawley, in Clay county, the sum of $624.01. The difference between this sum and the $395.44, which the guardian was charged with and ordered to pay over to the administrator of the Knutson estate, may be accounted for by the very modest compensation of $15 per year allowed in the final account to the guardian for his services, or other items of expense allowed in said account and not taken out of the money on hand up to the time the guardian died. Plaintiff, as administrator of the estate of the guardian, demanded of the bank the payment of the said sum of $624.01 on deposit, and payment was refused. This action was then brought against the bank to recover the money. Thereafter in March, 1933, while the action was pending, Clarence Jesten was appointed by the probate court of Clay county as administrator of the Halvor H. Knutson estate. It was thereupon stipulated that Jesten, as administrator, be substituted as defendant in the action and that the State Bank of Hawley be permitted to pay the $624.01 into court to abide the outcome of the action, which was done.

The trial court, after finding the facts substantially as stipulated and above stated, added thereto certain findings in the nature of conclusions of law, as follows:

"That at the death of the said Ole J. Winjum his guardianship of the estate of Halvor H. Knutson terminated, and that the probate court of Roseau county, Minnesota, thereafter was without jurisdiction as to the allowance of claims against the estate of said Halvor H. Knutson, deceased, and only retained such jurisdiction as was necessary for the closing of the guardianship account."

This finding or conclusion does not appear to apply to the facts in the case, for here the guardianship account had been closed prior to the death of Ole J. Winjum, the guardian, except that the $395.44, found to be the amount of the estate remaining in the hands of the guardian and ordered by the probate court to be paid to the representative of the estate of Knutson, had not yet been paid, presumably because no representative of said estate had been appointed.

Perhaps, inadvertently, the court referred to the time of the death of the guardian, Ole J. Winjum, instead of the time of the

death of the ward, Halvor H. Knutson, as the time when the guardianship terminated. The guardianship terminates on the death of the ward, except that the probate court retains jurisdiction over the guardian and the property for the purpose of hearing and settling the final account of the guardian.

When a guardianship terminates, by death or coming of age of the ward, the jurisdiction of the probate court in the guardianship matter does not cease, but continues as far as settlement of guardianship accounts are concerned up to and including the final settlement. Jacobs v. Fouse, 23 Minn. 51; Huntsman v. Fish, 36 Minn. 148, 30 N. W. 455; Lyngen v. Tessum, 169 Minn. 304, 211 N. W. 314; 2 Mason Minn. St. 1927, § 8949.

That, after the death of the ward, the probate court of Roseau county had jurisdiction and power to settle the account of the guardian and determine the amount remaining to be paid to the representative of the ward's estate is so well settled that the citation of further authorities is not necessary.

In hearing and settling the final account the probate court necessarily passes upon the amount and validity of the expenses paid or incurred by the guardian and determines what compensation the guardian is to receive, if any, and determines what shall be allowed or disallowed for such expenses and fees. It determines all other matters incident to the account. The court then determines the amount of money or property, or both, remaining in the hands of the guardian after the payment of allowed expenditures and fees, and orders the guardian to pay over and deliver such money or property, or both, to the representative of the estate of the deceased ward. 2 Mason Minn. St. 1927, §§ 8949, 8950; Jacobs v. Fouse, 23 Minn. 51; Huntsman v. Fish, 36 Minn. 148, 30 N. W. 455.

The court further found or concluded:

"That immediately upon the decease of the said Halvor H. Knutson, an incompetent, his personal estate, consisting only of the funds heretofore referred to in the hands of the State Bank of Hawley, became the property of his heirs at law, subject only to the administration thereof by the duly appointed representative of

said estate by the probate court of Clay county, Minnesota, which estate is now being probated by said court."

When a ward dies, property in the hands of his guardian does not immediately pass to the representative of the ward's estate or to the ward's heirs. The guardian retains the property for the time necessary to have his final account settled and allowed, and the probate court, on such settlement, determines the amount of property remaining in the hands of the guardian and orders it paid or delivered to the representative of the deceased ward's estate or the persons entitled thereto.

On the death of a ward, his personal estate in the hands of his guardian does not pass to his heirs direct except perhaps in cases where no representative of the ward's estate has been or can be appointed. State ex rel. Beals v. Probate Court, 25 Minn. 22; Greenwood v. Murray, 26 Minn. 259, 2 N. W. 945; Granger v. Harriman, 89 Minn. 303, 94 N. W. 869; Kern v. Cooper, 91 Minn. 121, 97 N. W. 648; Wellner v. Eckstein, 105 Minn. 444, 117 N. W. 830; Estate of Boyd v. Thomas, 162 Minn. 63, 202 N. W. 60; Lyngen v. Tessum, 169 Minn. 304, 211 N. W. 314; In re Estate of Bergman, 182 Minn. 128, 233 N. W. 806. When the representative of an estate is appointed, title to the personal property of the estate passes to him, and his title relates back to the death of the ward or decedent. 3 Dunnell, Minn. Dig. (2 ed. & Supp.) § 3568, p. 75, and cases cited in notes thereto. See also cases hereinbefore cited.

■ The trial court seems to have held that the fund of $624.01 was, at the time of the death of Knutson, "in the hands of" the State Bank of Hawley. We conclude that the fund was in the hands of the guardian, Ole J. Winjum. It stood in his name as guardian. He had full control thereof and could order and direct its payment at any time. All except $57.72 thereof was represented by a certificate of deposit in his name and, we assume, in his possession. The fact that for safety and for a small interest return the money was deposited in a bank, not by order of any court but as a personal matter, did not take the property out of the hands of the guardian. The certificate of deposit not only evidenced the deposit,

but was itself property and, as far as appears, was of full face value.

■ Upon the death of the guardian, Ole J. Winjum, any further settlement of the guardianship account and the carrying out of the order of the probate court to pay over to the representative of the estate of the ward the $395.44 so ordered to be paid devolved upon the administrator of the Ole J. Winjum estate, this plaintiff. For the purpose of making such payment, plaintiff had the right to demand and receive from the Hawley bank the money there on deposit in the name of Ole J. Winjum, as guardian. Peel v. McCarthy, 38 Minn. 451, 38 N. W. 205, 8 A. S. R. 681; 2 Mason Minn. St. 1927, § 8791.

When the guardian in this matter died the parties stood in this position: The representative of the estate of Ole J. Winjum owed to the representative of the estate of Halvor H. Knutson the sum of $395.44, which the probate court had fixed and ordered paid. As representative of the estate of Ole J. Winjum, it was plaintiff's duty to pay this money out of the funds in the hands of his decedent, as guardian of Knutson. This was so because it was the duty of plaintiff to complete the settlement of the guardian's accounting by making such payment.

■ The defendant, as representative of the estate of Knutson, had no greater or other right in the matter than Knutson would have had if living and the guardianship had terminated while he lived; that is, defendant had the right to receive the $395.44 ordered to be paid, and no more, with any accrued interest thereon. The death of Knutson and of Ole J. Winjum, his guardian, neither increased nor diminished the amount which defendant, as administrator, was entitled to receive for the estate which he represented.

■ The order of the probate court of Roseau county settling the guardian's account and directing the payment of the $395.44 to the representative of the ward's estate, being a final and appealable order in that proceeding, is conclusive upon the parties to this suit and cannot be here collaterally attacked. In re Hause, 32 Minn. 155, 19 N. W. 973; Jacobson v. Anderson, 72 Minn. 426, 75 N. W. 607; Cross v. White, 80 Minn. 413, 83 N. W. 393, 81 A. S. R. 267;

Holden v. Turrell, 86 Minn. 214, 90 N. W. 395; Hendri v. Sabin, 86 Minn. 108, 90 N. W. 159; Connecticut M. L. Ins. Co. v. Schurmeier, 125 Minn. 368, 147 N. W. 246; Pierce v. Maetzold, 126 Minn. 445, 148 N. W. 302; Amundson v. Hanson, 150 Minn. 287, 185 N. W. 252; First T. & S. Bank v. U. S. F. & G. Co. 163 Minn. 168, 203 N. W. 612; Lyngen v. Tessum, 169 Minn. 304, 211 N. W. 314; Trapp v. Trapp, 182 Minn. 537, 235 N. W. 29; Dunnell, Minn. Pr. Law, § 1337.

The trial court, as final conclusions of law, ordered judgment dismissing the action on the merits and for costs to the defendant. The case had been fully tried and findings made. The action should not have been dismissed. The court should have directed a judgment disposing of the fund in its custody.

The order appealed from is reversed and the case remanded to the trial court with directions to amend its findings in accordance with this opinion, and to so amend its final conclusions of law as to direct judgment that out of the money deposited in court there be paid to the defendant the sum of $395.44 with interest thereon at six per cent per annum from March 13, 1933, the date of the appointment of the administrator of the Knutson estate, and the balance of the money on deposit be paid to the plaintiff. Plaintiff, having been entitled to receive the fund from the bank and being now entitled to a substantial part thereof, should not be required to pay costs in the district court.

Order reversed.