BYINGTON, Appellant, vs. HARPER, Respondent.

*February 4—March 5, 1935.*

For the appellant there was a brief by *Hill, Beckwith & Harrington,* and oral argument by *George A. Solsrud,* all of Madison.

For the respondent there was a brief by *Hall, Baker & Hall,* and oral argument by *William J. Conway,* all of Madison.

FRITZ, J.   The plaintiff sues on two separately stated causes of action to recover damages from the defendant, who, as she alleges in her complaint, served first as a special, and then as general, guardian for her from September 18, 1924, to July 14, 1931, by virtue of appointments made by the county court of Dane county.   So far as here material, plaintiff alleges, as her first cause of action, that, while she was mentally incompetent, and the defendant was her special and general guardian, he conducted her business, as such guardian, loosely, carelessly, and negligently, without due and proper regard to her rights and interest, and with the result that a large deficit existed; that in 1928, without her consent and over her protest, the defendant carelessly, negligently, and in violation of his duty to her as her general guardian, and to the prejudice of her rights and interest, sold her farm for $3,500, which, in addition to being, as he knew, $2,200 less than she had paid therefor shortly prior to September, 1924, was at least $2,300 less than its fair market value; and that by reason thereof she had sustained loss in that amount, which was attributable to defendant's negligence.

As her second cause of action, plaintiff, after repeating the allegations as to the defendant's appointment and his

serving as her guardian, alleges that she had been induced to purchase that farm on representations made to her by two agents of the vendor, which she had believed and had relied on, and as to which she had informed the defendant; that, if the farm was worth only $3,500 at the time of her purchase, she had been deceived by the vendor and his agents to the extent of at least $2,300, and it was the duty of defendant to proceed against the vendor, as a person who was financially responsible, to recover that amount from him for fraud in selling the farm; and that, by reason of the defendant's negligence in failing and neglecting to guard and protect her property rights and interest while acting as her guardian, she had suffered loss and damage of at least $2,300.

In connection with her allegations, as to each cause of action, plaintiff also alleged that the defendant "was duly discharged as general guardian of this plaintiff by the county court of Dane county, Wisconsin, on or about the 14th day of July, 1931, and his account as such guardian, as well as his earlier account as special guardian, were duly settled by the said county court prior to the commencement of this action." Defendant contends that, because it appears affirmatively from those allegations that the county court, on July 14, 1931, ordered that the defendant's accounts as guardian of the plaintiff "were duly settled" and that he "was duly discharged as general guardian" of the plaintiff, and there is no allegation as to any mistake, fraud, or other circumstances that would render that order null and void, it must be deemed conclusive and a bar to the claims on which plaintiff sues in this action. That contention is based on the established propositions that, in the absence of allegations of such facts as would warrant an adjudication that that order was null and void, it was *res adjudicata* and conclusive as to all matters which were within the county court's jurisdiction, and which were involved, as a matter of law, in

the settling of the guardian's accounts, and that it is not subject to a collateral attack in this action, which is pending in another court. *O'Connor v. Decker,* 95 Wis. 202, 70 N. W. 286; *Roberts v. Weadock,* 98 Wis. 400, 405, 74 N. W. 93; *Clark v. Sloan,* 215 Wis. 423, 254 N. W. 653; *Wold v. Peoples Trust & Savings Bank,* 179 Minn. 523, 229 N. W. 785; *Trapp v. Trapp,* 182 Minn. 537, 235 N. W. 29. Under sec. 253.03, Stats., the county court had full and complete jurisdiction as "to all matters relating to the settlement of the estates of . . . persons" under guardianship. If, in his account filed in the county court, as plaintiff's guardian, the defendant failed to report any loss for which, because of his negligence, he was liable to his ward, that account should have been duly surcharged by an order of that court, to the extent of the omitted amount for which he was liable, instead of being duly allowed and settled by that court, as was done. As the plaintiff then was mentally competent and had knowledge of the essential facts, and an adequate remedy in the county court to compel defendant to fully account for all of her assets, she could and should then have had the wrongs, of which she now complains, righted.

Thus, in *Lehman v. Weiner,* 167 Wis. 428, 167 N. W. 806, it was held that claims for loss because of conversion by an executor should have been asserted and litigated in the county court, and could not be litigated in another action in the circuit court. On the other hand, in *Estate of Dunlap,* 184 Wis. 345, 199 N. W. 387, it was held that an administrator's account could be surcharged in the county court for the full amount of the proceeds of inventoried property as to which he had reported only half of the proceeds because he considered another party entitled to the remainder. The resulting issue was held to be one which clearly arose in the settlement of the estate, and which was necessarily for the determination of the county court.

Consequently, the county court's order settling defendant's account, as plaintiff's guardian, is a conclusive and complete bar as to any further liability to the plaintiff, on the part of the defendant as her guardian, that could and should have been adjudicated by the order settling the guardian's account. It follows that it appears upon the face of the complaint that it does not state facts sufficient to constitute a cause of action.

*By the Court.*—Order affirmed.